No. 56,013

STATE OF KANSAS, *Appellant,* v. RALPH WANTTAJA, *Appellee.*

(691 P.2d 8)

Opinion filed November 30, 1984.

*Francis E. Meisenheimer,* assistant county attorney, argued the cause, and *Robert T. Stephan,* attorney general, was with him on the brief for appellant.

*Herbert R. Hess, Jr.,* of Hess, Leslie & Brown, of Hutchinson, was on the brief for appellee.

The opinion of the court was delivered by

MILLER, J.: This is an interlocutory appeal by the State from an order of the trial court, entered immediately prior to the scheduled commencement of trial, suppressing the results of a blood alcohol test. The Court of Appeals, in a split decision, affirmed. *State v. Wanttaja,* 9 Kan. App. 2d 441, 680 P.2d 922 (1984).

The facts are fully set out in the Court of Appeals opinion, and we will not repeat them fully. Defendant was arrested and charged with driving while under the influence of alcohol, K.S.A. 1982 Supp. 8-1567. He was given a blood alcohol test. He asked for a copy of the results, but never received it. His attorney asked to inspect the arrest records and the prosecutor granted him permission to review the records, which were kept at the Hutchinson Police Department. Defense counsel went to the department office, asked for the "defendant's arrest reports," and was shown a copy of the arresting officer's report. He did not ask to see, and was not shown, the results of the blood alcohol test.

On the morning of trial, defense counsel moved to suppress the test results because they had not been delivered to the defendant as required by K.S.A. 8-1002. The trial court sustained the motion.

The majority of the Court of Appeals panel held that, under the cited statute, the State has a duty to deliver the results of a blood alcohol test to the defendant upon request. Admittedly, the State failed in that duty. Since suppression is one of the sanctions authorized by statute for failure to make discovery, K.S.A. 22-3212(7), the panel held that the trial court was authorized to suppress the evidence in the exercise of its discretion; and the panel could not say that the trial court abused its discretion. With the final conclusion of the panel, we disagree.

Chief Judge Foth, in a concurring and dissenting opinion, 9 Kan. App. 2d at 445, could not agree that the sanction of suppression represents a proper exercise of judicial discretion under the circumstances. In support of his position, he discusses the general guidelines for discretion and discovery outlined in our opinion in *State v. Jones,* 209 Kan. 526, 498 P.2d 65 (1972), and *Jones'* citation with approval in later cases. He then emphasizes three factors in this case which he viewed as significant:

"1. Both defendant and his attorney knew a breath test had been administered, so there was no surprise on that score. Although the exact results were unknown, counsel surely surmised that defendant had tested over 0.10%.

"2. When defense counsel asked to see the police reports, permission was freely given. Under Reno County's peculiar manner of operation it was necessary for defense counsel to go to the Police Department to see the reports. There, by an apparent error on the part of clerical personnel, defendant's file contained arrest reports (including the field sobriety test report) but no breath test. Counsel never specifically asked for the breath test results, and so far as the prosecutor knew he had divulged everything in the State's possession. There is no claim of bad faith or that the prosecutor wouldn't have cured the clerical oversight had it been known to him. Thus there was no willful refusal to disclose, as there was in all those cases, criminal and civil, where ultimate sanctions have been approved. In a sense, there was no real request to see the breath test results.

"3. Defense counsel at that point knew there had been a breath test, *knew* he didn't have the test results, and also knew *they would be made available on request.* We were advised at oral argument that, as a matter of strategy, he chose instead to wait several months, and then make the oral motion to suppress on the morning of trial. This was surely 'the development of a mere ploy' and not a 'good faith request for help,' which *Jones* and *Walker* tell us are to be judicial benchmarks." 9 Kan. App. 2d at 448.

We agree. There was no surprise; defendant and his attorney

were both aware of the test. Counsel never specifically asked for the test results when he went to the police department. He received what he asked for—the "arrest reports." The prosecutor had authorized defense counsel to view all of the records and did not know that counsel had not seen the B.A.T. results. Defense counsel did not make a formal request for discovery, and did not inform the prosecutor that the report was not disclosed. The delay of several months, and the making of a motion to suppress on the day of trial as "trial strategy," cannot be regarded as demonstrating good faith. We agree with the rationale and conclusions of Chief Judge Foth.

K.S.A. 8-1002 requires the State to deliver a copy of the test results upon request. The mere failure of the officers to do so, however, does not justify the suppression ordered by the trial court. Likewise, the failure of a clerk in the police department to disclose the test results to counsel, in the absence of a specific request for them, likewise does not justify suppression. The prosecution was unaware of the failure to disclose and was purposely not made aware of that fact until the morning of trial. There is no suggestion that the trial court was attempting to remedy a recurring problem or that the prosecution intentionally failed to disclose the report.

Under the circumstances, we hold that no sanctions were justified. The motion to suppress should have been overruled. The case should either have proceeded to trial, or, if requested, a continuance should have been granted to the defendant to enable him to prepare to meet the issue.

We have not overlooked the question of appellate jurisdiction; that issue was correctly decided by the Court of Appeals. See *State v. Newman,* 235 Kan. 29, 680 P.2d 257 (1984), and *State v. Galloway,* 235 Kan. 70, 680 P.2d 268 (1984).

The judgment of the Court of Appeals is reversed; the judgment of the district court is reversed; and the case is remanded to the district court with directions to proceed with trial.