No. 56,758

STATE OF KANSAS, *Appellant*, v. ROBERT JONES, *Appellee.*

(691 P.2d 35)

Opinion filed November 30, 1984.

*Arthur R. Weiss,* assistant district attorney, argued the cause, and *Gene M. Olander,* district attorney, and *Robert T. Stephan,* attorney general, were with him on the brief for appellant.

*Kathleen R. Reeves,* legal intern, Washburn Law Clinic, argued the cause, and *Michael Kaye,* supervising attorney, Washburn Law Clinic, was with her on the brief for appellee.

The opinion of the court was delivered by

MILLER, J.: The State brings this interlocutory appeal from a pretrial evidentiary ruling made by the Shawnee District Court. We dismiss for want of jurisdiction.

The appeal is taken under K.S.A. 22-3603:

"When a judge of the district court, prior to the commencement of trial of a criminal action, makes an order . . . suppressing evidence . . . an appeal may be taken by the prosecution . . . ."

In our recent case of *State v. Newman,* 235 Kan. 29, 680 P.2d 257 (1984), we held that appeals may be taken under the "suppressing evidence" portion of K.S.A. 22-3603 from rulings of a trial court "which exclude State's evidence so as to substantially impair the State's ability to prosecute the case." 235 Kan. at 34.

Jones was arrested by a trooper of the Kansas Highway Patrol for driving while under the influence of intoxicating liquor. The trooper noticed that Jones swayed when he walked and smelled of alcohol. Jones told the trooper that he had consumed a few beers and that he had hit a guard rail while attempting to avoid an accident with another vehicle—thus, that he had been driving his pickup after he had consumed the beers. The trooper asked Jones to take a field sobriety test. Jones completed some parts of the test, but when he was reciting the alphabet, he stopped at the

letter "p" and refused to proceed. He also refused to attempt the finger-to-nose test.

The trial court ruled that the prosecution could not introduce evidence of the defendant's refusal to take the finger-to-nose test, and it could not comment on his failure to complete the alphabet test. The State then filed a notice of appeal. Later, the trial court reversed its ruling as to the comment on the alphabet test, but stood by its ruling that the State could not introduce evidence of or comment upon defendant's failure to take the finger-to-nose test.

Does that ruling substantially impair the State's ability to prosecute this case? The State has all of the trooper's observations of the defendant, the results of the field sobriety test, excepting one small portion thereof, and presumably it has either the results of a blood alcohol test or evidence that defendant refused to take such a test. Additionally, it has the defendant's admissions of consumption of alcohol, followed by driving a motor vehicle, followed by a collision with a guard rail. Obviously, the State can proceed with prosecution without the excluded bit of evidence. It has no statutory authority to appeal and we have no authority or desire to review, piecemeal, every evidentiary ruling adverse to the prosecution made in the course of a criminal proceeding.

We lack jurisdiction to hear the matter, and therefore dismiss the appeal.