No. 63,938

STATE OF KANSAS, *Appellant*, v. DANE R. GRIFFIN, *Appellee.*

(787 P.2d 701)

Opinion
filed March 2, 1990.

*James E. Flory,* district attorney, argued the cause, and *Robert T. Stephan,* attorney general, was with him on the brief for appellant.

*Edward G. Collister, Jr.,* of Collister & Kampschroeder, of Lawrence, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

LOCKETT, J.: Dane Griffin was charged with possession of cocaine (K.S.A. 1989 Supp. 65-4127a, K.S.A. 1989 Supp. 65-4107[5]) (Count 1); sale of cocaine (K.S.A. 1989 Supp. 65-4127a, K.S.A. 1989 Supp. 65-4107[5]) (Count 2); and failure to affix a drug tax stamp to the cocaine he had sold (K.S.A. 79-5201[c], K.S.A. 1989 Supp. 65-4107[5], K.S.A. 79-5204) (Count 3). At the preliminary examination, the district court refused to admit certain evidence, dismissed the possession charge (Count 1), and then bound Griffin over for arraignment on the remaining charges. The State took an interlocutory appeal pursuant to K.S.A. 22-3603, claiming the judge's suppression of the evidence

had substantially impaired its ability to proceed with the remainder of the case. The State's action stays the proceeding against the defendant until the interlocutory appeal is determined.

The complaint is based on the following allegations: On March 23, 1989, law enforcement officers arranged for Dusty Wilson, an informant, to purchase cocaine from Dane Griffin. Later that day, Griffin agreed to meet Wilson near 9th and Iowa Streets in Lawrence for the purpose of selling him cocaine. The meeting took place at 7:00 p.m., and Griffin sold Wilson seven packets of cocaine for $300 in marked, official funds.

The packets, containing a total of 3½ grams of cocaine, were made out of yellow lined paper. After Wilson turned the drugs over to police, officers arrested Griffin in a parking lot near 9th and Iowa. Griffin's car was impounded and he was taken to police headquarters.

After the police had unsuccessfully searched Griffin and his car for the "buy money," an officer was sent to the parking lot where the defendant had been arrested to search for the money. The officer, who began his search at least 45 minutes after Griffin had been removed from the area, found 45 packets of cocaine in the parking lot. These packets contained a total of 22.5 grams of cocaine and were also made out of yellow lined paper. The "buy money" was later found stuffed under a chair in an interview room where Griffin had been held.

Griffin was charged with possession of the cocaine found in the parking lot, sale of cocaine, and violation of the drug tax stamp law. At his preliminary examination, the district court refused to admit into evidence the 45 packets found in the parking lot and a KBI forensic report which indicated that those packets contained cocaine. At the conclusion of the preliminary examination, the court dismissed the possession charge and bound Griffin over for arraignment on the remaining charges. The State appeals the dismissal of the possession charge, claiming: (1) K.S.A. 22-3603 provides jurisdiction for this court to hear the appeal; and (2) the district court erred in excluding the evidence and dismissing the possession charge. Other facts are provided as necessary.

At common law, appeals by the State in a criminal case were unknown. By statute, a number of states now permit prosecution appeals in specified circumstances. The purpose of allowing prosecution appeals is to insure that lower court rulings do not restrict

proper police conduct and to correct inconsistent trial court rulings. Permitting the State to take an interlocutory appeal from pretrial rulings does not violate a defendant's double jeopardy protection, since jeopardy does not attach until the jury is sworn or, in a trial to the court, when the first witness for the prosecution is sworn.

There are two statutory options available in the Kansas Criminal Code for the State to test the dismissal of the possession charge prior to trial: K.S.A. 22-3602 and 22-3603. K.S.A. 22-3602 is more restrictive than its federal counterpart, 18 U.S.C. § 3731 (1988), which allows the United States to appeal an order of a district court dismissing part of an indictment or information. See *Sanabria v. United States*, 437 U.S. 54, 57 L. Ed. 2d 43, 98 S. Ct. 2170 (1978). K.S.A. 22-3602 allows the prosecution to appeal an order dismissing a complaint at the conclusion of a preliminary examination. The statute does not allow the prosecution to appeal the dismissal of some, but not all, of the counts of a multiple-count complaint after a preliminary examination. That procedure would create concurrent jurisdiction, with some counts of the complaint pending in the district court while review of the counts dismissed are being resolved in the appellate courts. See *State v. Freeman*, 234 Kan. 278, 282, 670 P.2d 1365 (1983).

The State cites *State v. Jones*, 233 Kan. 170, 660 P.2d 965 (1983), as authority for this court to reverse the trial court's decision to discharge the defendant on the possession count of the complaint. In *Jones*, there was conflicting testimony during the preliminary examination as to whether the defendant had acted in self-defense. This court said:

"The defendant should not be discharged where evidence conflicts or raises a reasonable doubt as to the guilt of the defendant. Where there is a conflict in testimony, a question of fact exists for the jury, and the magistrate must draw the inference favorable to the prosecution." 233 Kan. at 174.

The State's reliance on *Jones* would be correct if there was conflicting testimony and the State had chosen 22-3602 as the vehicle for its appeal. Instead, the State has appealed pursuant to K.S.A. 22-3603, which provides:

"When a judge of the district court, prior to the commencement of trial of a criminal action, makes an order . . . *suppressing evidence* or suppressing a confession or admission an appeal may be taken by the prosecution from

such order if notice of appeal is filed within ten (10) days after entry of the order." (Emphasis added).

Originally, Kansas appellate courts interpreted the term "suppressing evidence," as used in the statute, to mean constitutional suppression of evidence illegally obtained by the government. *State v. Boling*, 5 Kan. App. 2d 371, 617 P.2d 102 (1980). *Boling* questioned whether the trial court's exclusion of evidence of other crimes committed by the defendant was an order "suppressing evidence" under 22-3603. To define "suppressing evidence," the Court of Appeals looked to the Code of Criminal Procedure and found that term used in two places: K.S.A. 22-3215 authorizes a pretrial motion to suppress a confession or admission; K.S.A. 22-3216 authorizes a pretrial motion to suppress illegally seized evidence. Finding that the two statutes, together with K.S.A. 22-3603, provide an integrated statutory scheme for dealing with essential evidentiary rulings on issues of constitutional dimensions, the Court of Appeals limited appeals under 22-3603 to evidence suppressed under 22-3215 and 22-3216.

In 1984, this court departed from *Boling's* bright line rule, finding that the term "suppressing evidence," as used in K.S.A. 22-3603, has a broader meaning than the suppression of evidence which is illegally obtained. *State v. Newman*, 235 Kan. 29, 680 P.2d 257 (1984). The term was held to include not only "constitutional suppression" but also rulings of a trial court which exclude the State's evidence so as to substantially impair the State's ability to prosecute the case. 235 Kan. at 34. This interpretation expanded the State's right to appeal under 22-3603 from evidence suppressed so as to coincide with the United States' right to appeal from a district court's order suppressing or excluding evidence under 18 U.S.C. § 3731.

We have applied the *Newman* standard in four cases: *State v. Huninghake*, 238 Kan. 155, 156-57, 708 P.2d 529 (1985) (suppression of blood alcohol test, given the statutory presumption of intoxication based on the test, substantially impaired State's ability to prosecute DUI case); *State v. Jones*, 236 Kan. 427, 428, 691 P.2d 35 (1984) (suppression of testimony by highway patrolman regarding defendant's refusal to complete one phase of field sobriety test did not substantially impair State's ability to prosecute DUI case); *State v. Wanttaja*, 236 Kan. 323, 325, 691 P.2d 8

(1984) (suppression of blood alcohol test substantially impaired State's ability to prosecute DUI case); and *State v. Galloway*, 235 Kan. 70, 73-74, 680 P.2d 268 (1984) (suppression of composite drawing and victim's identification of her assailant at photographic lineup substantially impaired State's ability to prosecute rape case).

The State claims it should be allowed to proceed under 22-3603 because its case has been substantially impaired, since the 45 packets of cocaine, if admitted into evidence, would: (1) strongly indicate Griffin's intent to sell cocaine; (2) help defeat anticipated entrapment and procuring agent defenses; and (3) be needed to invoke the presumption of incarceration set out in K.S.A. 1989 Supp. 65-4127b(d). Griffin argues that the dismissal of one count in a three count complaint does not substantially impair the State's ability to proceed with the remainder of its case.

The argument that the evidence suppressed must substantially impair the prosecution of the case arises from the Judicial Council's statement in the annotation to 22-3603 and this court's decision in *State v. Newman*, 235 Kan. 29, Syl. ¶ 1: "Under K.S.A. 22-3603, pretrial orders of the district court [that] exclude the State's evidence *so as to substantially impair the State's ability to prosecute the case* may be appealed by the State by interlocutory appeal." It should be noted that the italicized language does not appear in 22-3603. The statute merely states that an interlocutory appeal may be taken by the prosecution from a pretrial order suppressing evidence or suppressing a confession or admission. In *State v. Huninghake*, 238 Kan. at 157, we stated: "Suppression rulings which seriously impede, although they do not technically foreclose, prosecution can be appealed under K.S.A. 22-3603." Like 18 U.S.C. § 3731, K.S.A. 22-3603 permits the State to appeal a district court order that suppresses or excludes evidence so as to substantially impair the State's ability to prosecute the case.

The State claims that the district court abused its discretion by refusing to admit relevant evidence. " 'Relevant evidence' means evidence having any tendency in reason to prove any material fact." K.S.A. 60-401(b). The State points out that the 45 packets of cocaine were: (1) wrapped identically to those which

Griffin allegedly sold to Wilson; and (2) found in the same small parking lot (12 stalls) where Griffin had been arrested.

Griffin argues that, although relevant, the circumstances surrounding the discovery of the 45 packets of cocaine render that evidence inadmissible due to remoteness. Griffin points out that (1) the police did not notice these packets when they arrested him, even though they had him under constant observation from the time he entered the parking lot; (2) there was no evidence to indicate that the packets were found in the same place where he had parked his car; (3) the packets were found in a public parking lot at least 45 minutes after he had been arrested; and (4) at least six other cars had been in that lot during the relevant time period.

In refusing to admit this evidence, the court said:

"Well, I'm not going to admit Exhibits 3 [the 45 packets of cocaine] and 5 [the KBI report]. Number one, the connection with this defendant is pretty vague. It's found in an area that apparently he occupied maybe an hour before. There's paper similar to the paper that you found on him, and that's certainly a factor to consider, but in terms of using that to show that nothing has happened to it, in terms of showing that there was cocaine in it, I don't find that the chain of custody is sufficiently complete to admit that exhibit, because it was obviously there with nobody around for a great period of time. So I will not admit those two exhibits."

In dismissing the possession charge, the court said:

"Mr. Griffin, with regard to [the possession charge], I find that you should not be bound over on that count. It's too remote to tie you into those particular items. They could have belonged to somebody else. I can speculate that they were probably yours, but I'm not supposed to be sitting up here speculating.".

The State urges that the remoteness of the physical evidence is a question of fact which should be reserved for the jury. We disagree. Black's Law Dictionary 1164 (5th ed. 1979) provides the following definition for remoteness of evidence: "When the fact or facts proposed to be established as a foundation from which indirect evidence may be drawn, by way of inference, have not a visible, plain, or necessary connection with the proposition eventually to be proved, such evidence is rejected for 'remoteness.'" The question of whether to admit or exclude evidence for remoteness is a question of law for the trial judge to determine; the weight to be given the evidence when admitted is for the

trier of fact to determine. *Adrian v. Elmer*, 178 Kan. 242, 247, 284 P.2d 599 (1955).

Though the term "suppressing evidence" has a broader meaning than illegally seized evidence, the appellate courts of Kansas will not take jurisdiction of the prosecution's interlocutory appeal from every run-of-the-mill, pretrial evidentiary ruling of a district court, especially in those situations where trial court discretion is involved. *State v. Newman*, 235 Kan. at 35.

The question of whether evidence is too remote to be relevant is left to the discretion of the trial judge, whose decision will not be disturbed unless a clear abuse of discretion has been demonstrated. *State v. Betts*, 214 Kan. 271, 276, 519 P.2d 655 (1974); *Tucker v. Lower*, 200 Kan. 1, 6, 434 P.2d 320 (1967).

Discretion may be defined as the freedom to act according to one's judgment. Judicial discretion implies the liberty to apply the rules and analogies of the law to the facts found after weighing and examining the evidence. It is well settled that the appellant must establish a clear abuse of judicial discretion before an appellate court will overturn the exercise of a trial court's discretion. See *Reedy v. Reedy*, 175 Kan. 438, 440, 264 P.2d 913 (1953).

"The test on appellate review of whether the trial court abused its discretion is whether no reasonable person would agree with the trial court. If any reasonable person would agree, appellate courts will not disturb the trial court's decision." *Hoffman v. Haug*, 242 Kan. 867, 873, 752 P.2d 124 (1988). We cannot say that no reasonable person would agree with the trial court's determination that the discovery of the 45 packets of cocaine was too remote to be admitted into evidence; therefore, we cannot disturb the trial court's decision to exclude the evidence.

The State also argues that the district court erroneously found an inadequate chain of custody regarding the 45 packets and the KBI report. The witness who was attempting to identify the KBI report testified that he had nothing to do with the evidence-gathering process involving the cocaine tested in that report. Although the court's ruling is somewhat confusing, the chain of custody question is moot because we affirm the exclusion of the packets of cocaine found in the parking lot.

The decision of the trial court is affirmed, and the case is remanded for further proceedings.