No. 102,578

STATE OF KANSAS, *Appellant*, v. ANDREW SALES, *Appellee*.

(224 P.3d 546)

Opinion filed January 29, 2010.

*Don L. Scott*, county attorney, argued the cause and was on the brief for appellant.

*Razmi Tahirkheli*, public defender, of Liberal, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

ROSEN, J.: The State appeals from a pretrial order prohibiting the State from presenting expert witness testimony on delayed reporting by child victims of sexual abuse. The defendant/appellee has raised the issue of the court's jurisdiction to hear the interlocutory appeal under K.S.A. 22-3603.

Andrew Sales was tried and convicted of one count of aggravated criminal sodomy in violation of K.S.A. 21-3506(a)(2). The alleged victim of the crime was his daughter. The crime was alleged to have occurred between the dates of June 1, 2004, and February 1, 2005; however, the victim did not disclose the event to anyone until the spring of 2008.

At trial, held November 17 and 18, 2008, the State presented the testimony of Oklahoma State Bureau of Investigation Agent Andrea Hamilton. Agent Hamilton is a trained child forensic interviewer with extensive experience in interviewing child victims of sexual abuse. Agent Hamilton testified that she interviewed the victim following the victim's disclosure of the abuse and she described the interview. In addition, the State sought and was granted leave by the court to qualify Agent Hamilton as an expert witness to testify about the reasons some children delay disclosing that they have been the victim of sexual abuse. She testified generally that children abused by someone with whom they have an on-going relationship, such as "a family member or soccer coach or someone from Church, tend not to disclose immediately." The ruling allowing her expert testimony specifically prohibited her from testifying "about the credibility or the quality of the evidence" presented by the victim, and Agent Hamilton did not present any testimony relating to why the victim, specifically, might have delayed disclosing the abuse, nor did she opine that the victim had been the subject of sexual abuse or that the defendant had been the perpetrator.

Following trial, the defendant filed a Motion for a New Trial and a brief in support of the motion. One of the issues he raised was that he "was prejudiced by the inadmissible testimony of the expert which passed on the credibility of the victim and on issues in the purview of the jury." In support of this issue, the defendant argued that Agent Hamilton's testimony concerning delayed reporting impermissibly "hoisted" the victim's credibility and that the jurors did not need expert testimony to aid them in determining why a child might delay disclosing sexual abuse.

The court apparently heard argument on the motion on March 6, 2009, but no transcript is included in the record on appeal. The court did file a detailed Journal Entry of Motion for New Trial,

however, including these findings with respect to the expert testimony of Agent Hamilton:

"18. Defendant's second claim is he was prejudiced by the Court declaring the OSB agent an expert on child disclosures [*sic*] issues only.

"19. The Court in *Warren v. Heartland Automotive Services, Inc.*, 36 Kan. App. 2d 75, 760, [144 P.3d 73 (2006),] said:

'The qualifications of experts and the admissibility of their testimony are discretionary matters for the trial court. We will overturn the trial court's decision on these matters only if the court abused its discretion.'

"20. In retrospect, the determination that OSB Agent Andrea Hamilton was an expert and could give an opinion fails the *Frye* test and was error. *Frye v. United States*, [293 F. 1013] (D.C. Cir. 1923).

"21. Her opinion is based on soft science, if any, and was not supported by any reports, tests or other analysis.

"22. OSB Agent Andrea Hamilton should not have been declared an expert and doing so gave her entire testimony more credibility to the jury."

Based on these findings and other findings not relevant to this appeal, the district court granted the defendant's Motion for New Trial. The State then apparently made a motion requesting the court to reconsider, and briefs were filed on that motion; however, the motion itself is not in the record. Any ruling on that motion is also not reflected in the record. A new trial was scheduled for March 26, 2009, and a new judge was assigned.

The record does indicate that the State filed a Motion for Expert Witness on May 4, 2009, apparently to seek a pretrial ruling on the admissibility of Agent Hamilton's expert testimony in the second trial; however, again the motion is not included in the record on appeal. On May 14, 2009, the State filed a document entitled Submission of Additional Authority in Support of State's Motion to Admit Expert Testimony. The Submission of Additional Authority contains a brief statement arguing that the testimony of Agent Hamilton is "pure opinion" testimony and not subject to the *Frye* test. As authority, the State attached a copy of *Kuhn v. Sandoz Pharmaceuticals Corp.*, 270 Kan. 443, 14 P.3d 1170 (2000).

On May 20, 2009, the court filed a Pretrial Order. The order indicates a "Pre-trial" was held on May 8, 2009. No transcript, if one was made, is included in the record. The order disposes of

several pending motions but states "[t]he Court will take under advisement the Motion for Expert Witness."

On May 21, 2009, the State filed a Notice of Interlocutory Appeal, appealing from the court's ruling on the Motion for Expert Witness. Specifically, the notice states that "[n]ot allowing expert testimony to explain this phenomenon [of delayed disclosure] to the jury substantially impairs the State's ability to prosecute this case." The notice cites K.S.A. 22-3601(a) and K.S.A. 22-3608 as authority for the appeal.

In a Journal Entry of Decision by the court dated and filed on May 18, 2009, District Court Judge Clinton Peterson took up the Motion for Expert Witness. Judge Peterson noted that the previous trial was before Judge Kim Schroeder and that following trial Judge Schroeder granted the defendant's motion for a new trial in part because he decided he had committed error by qualifying Agent Hamilton as an expert witness and allowing her testimony regarding delayed disclosure by child sexual abuse victims. Judge Peterson determined that, for consistency, he would defer to Judge Schroeder's ruling and deny the State's Motion for Expert Witness.

On May 22, 2009, the State filed an Amended Notice of Interlocutory Appeal. The notice is virtually identical to the original notice filed. The docketing statement filed by the State on June 3 states the issue in the case as "[w]hether the expert testimony of OSBI Agent Hamilton is subject to the *Frye* standard."

The case was filed in the Court of Appeals and transferred to this court pursuant to K.S.A. 20-3018(c).

On November 10, 2009, after the case was docketed in this court, the appellee filed a letter of additional authority with this court pursuant to Supreme Court Rule 6.09 (2009 Kan. Ct. R. Annot. 47) challenging the State's authority to file an interlocutory appeal pursuant to K.S.A. 22-3603. He alleges that the ruling regarding the expert testimony of Agent Hamilton does not substantially impair the State's ability to prosecute the case as required by case law interpreting the statute.

The State's notice of appeal, entitled "Notice of Interlocutory Appeal," cites K.S.A. 22-3601(a) (whenever an interlocutory appeal is permitted in a criminal case in the district court, such appeal

shall be taken to the Court of Appeals) and K.S.A. 22-3608. The only provision of the latter statute still effective states: "For crimes committed on or after July 1, 1993, the defendant shall have 10 days after the judgment of the district court to appeal." Since the document is clearly identified as a notice of *interlocutory* appeal, and the order appealed from, not allowing expert testimony on the phenomenon of delayed disclosure to be presented at the retrial of the case, is clearly identified, it must be assumed that the State intended to file this appeal under K.S.A. 22-3603, which provides:

"When a judge of the district court, prior to the commencement of trial of a criminal action, makes an order quashing a warrant or a search warrant, suppressing evidence or suppressing a confession or admission an appeal may be taken by the prosecution from such order if notice of appeal is filed within ten (10) days after entry of the order. Further proceedings in the trial court shall be stayed pending determination of the appeal."

Prior case law of this court holds that "the appellate courts of Kansas should not take jurisdiction of the prosecution's interlocutory appeal [under K.S.A. 22-3603] from every run-of-the-mill pretrial evidentiary ruling of a district court, especially in those situations where trial court discretion is involved"; however, appeals under K.S.A. 22-3603 "should include not only 'constitutional suppression' but also rulings of a trial court which exclude State's evidence so as to substantially impair the State's ability to prosecute the case." *State v. Newman*, 235 Kan. 29, 34-35, 680 P.2d 257 (1984). The appellee maintains that the trial court's order prohibiting the expert testimony of Agent Hamilton regarding delayed disclosure of sexual abuse by children did not substantially impair the State's ability to prosecute this case and, consequently, this court has no jurisdiction over the appeal. Interpretation of a statute and determination of jurisdiction are questions of law over which this court's scope of review is unlimited. *State v. Jefferson*, 287 Kan. 28, 33, 194 P.3d 557 (2008); *State v. Denney*, 283 Kan. 781, 787, 156 P.3d 1275 (2007).

"The State's right to appeal in a criminal case is strictly statutory, and the appellate court has jurisdiction to entertain a State's appeal only if it is taken within time limitations and in the manner prescribed by the applicable statutes. [Citation omitted.]" *State v. Snodgrass*, 267 Kan. 185, 196, 979 P.2d 664 (1999).

See *Casner v. State*, 37 Kan. App. 2d 667, 670, 155 P.3d 1202 (2007).

Subject matter jurisdiction may be raised at any time, whether for the first time on appeal or even on the appellate court's own motion. *Vorhees v. Baltazar*, 283 Kan. 389, 397, 153 P.3d 1227 (2007); *Cohen v. Battaglia*, 41 Kan. App. 2d 386, 389, 202 P.3d 87 (2009). The appellee has raised the issue of this court's jurisdiction under K.S.A. 22-3603 through a letter filed pursuant to Supreme Court Rule 6.09 (2009 Kan. Ct. R. Annot. 47).

Prior to this court's opinion in *State v. Newman*, 235 Kan. 29, the parameters of interlocutory appeals under K.S.A. 22-3603 from orders suppressing evidence were set by *State v. Boling*, 5 Kan. App. 2d 371, 617 P.2d 102 (1980). "Simply stated, *Boling* made a distinction between a trial court ruling suppressing evidence obtained in violation of constitutional rights and a ruling excluding evidence because of the statutory rules of evidence. It concluded that interlocutory appeals may properly be taken from the former but not from the latter." *Newman*, 235 Kan. at 31.

In *Newman*, the court considered an interlocutory appeal by the State from an order of the trial court excluding testimony based upon the marital privilege. The court analyzed the purpose of K.S.A. 22-3603, noting the Judicial Council comment to the statute, which states:

" 'The foregoing sections are intended to permit Supreme Court review of trial court rulings on pretrial motions *which may be determinative of the case*. The committee believed that in the case of trial court rulings which suppress evidence essential to proof of a prima facie case, the prosecution should have an opportunity for review in the Supreme Court if a substantial question exists as to the correctness of the trial court's decision.' " *State v. Newman*, 235 Kan. at 32.

After noting that *Boling*'s restrictive interpretation of the statute was based upon an Illinois case that was subsequently rejected by the Illinois Supreme Court, *Newman* concluded that Kansas should also reject the narrow interpretation of the statute.

"We hold that the term 'suppressing evidence' as used in that statute is to have a broader meaning than the suppression of evidence which is illegally obtained. It should include not only 'constitutional suppression' but also rulings of a trial court

which exclude State's evidence so as to substantially impair the State's ability to prosecute the case. *Newman,* 235 Kan. at 34.

Having adopted a broader interpretation, the court set about defining the limits of the new interpretation:

"We are convinced that this broad interpretation of K.S.A. 22-3603 is consistent with the stated purpose of that section as expressed by the Judicial Council comment at the time it was adopted—that the section is intended to permit appellate review of trial court rulings on pretrial motions which may be determinative of the case. We wish to emphasize, however, that the appellate courts of Kansas should not take jurisdiction of the prosecution's interlocutory appeal from every run-of-the-mill pretrial evidentiary ruling of a district court, *especially in those situations where trial court discretion is involved.* Interlocutory appeals are to be permitted only where the pretrial order suppressing or excluding evidence places the State in a position where its ability to prosecute the case is substantially impaired." (Emphasis added.) *Newman,* 235 Kan. at 35.

Finally, to carry out the purpose articulated for the broader interpretation, the court advised:

"[T]he prosecutor should be prepared to make a showing to the appellate court that the pretrial order of the district court appealed from substantially impairs the State's ability to prosecute the case. Such a showing may be required either on order of the appellate court or when appellate jurisdiction of the interlocutory appeal is challenged by the defendant-appellee." *Newman,* 235 Kan. at 35.

Based upon the reasoning set out, *Newman* and other cases proceeded to determine only those issues which the court found "fall into the category of trial rulings which substantially impair the State's ability to prosecute the case." 235 Kan. at 35.

In *Newman,* the defendant's wife had observed him with stereo equipment obtained from a club which had been destroyed by arson. She accompanied him to another town where she observed him sell the equipment. The State proposed to present her testimony concerning these observations, but the defendant convinced the trial court that it fell within the marital privilege. Ultimately, the trial court concluded that not only the wife's testimony but all testimony and evidence derived from her statement to police including these observations would be excluded. This court found the trial court to be in error and, by reaching the issue, necessarily concluded that the excluded evidence substantially impaired the

State's ability to prosecute the case. 235 Kan. at 43-44. Indeed, the wife's testimony and the testimony of witnesses to whom she had led the police substantially comprised the State's case against the defendant.

Subsequent cases applying the holding of *Newman* give additional guidance on the determination of what type of trial court rulings substantially impair the State's prosecution. In *State v. Galloway*, 235 Kan. 70, 680 P.2d 268 (1984), handed down the same day as *Newman*, the defendant was charged with rape. The victim's identification of the defendant was weak, and the State sought to introduce an "Identi-Kit" composite drawing created by the victim as well as evidence of a photo lineup identification to corroborate her in-court identification. In addition, the State sought to introduce testimony from the defendant's wife that she had observed keys of the same type as those taken from the victim in the defendant's possession. The trial court excluded the "Identi-Kit" on hearsay grounds and the testimony regarding the keys on the basis of the marital privilege. The photo lineup identification was excluded as having been conducted under impermissibly suggestive circumstances. None of the rulings was based upon a violation of the defendant's constitutional rights.

The State filed an interlocutory appeal, and Galloway contested the court's jurisdiction. Quoting the holding from *Newman* set out above, this court found the trial court rulings had substantially impaired the State's prosecution. *Galloway*, 235 Kan. at 74. Without the excluded evidence, it would have been virtually impossible for the State to prove the element of identity.

In *State v. Griffin*, 246 Kan. 320, 787 P.2d 701 (1990), this court considered an interlocutory appeal by the State in a prosecution for possession of cocaine, sale of cocaine, and failure to affix a drug tax stamp to cocaine. The defendant was arrested in a parking lot where he had made a drug sale to a police informant. Over 45 minutes after he was arrested, 45 packets of cocaine wrapped identically to those which he had sold to the informant were found on the ground in the parking lot; however, in the interim at least six other cars had been in the lot. At the preliminary hearing, the trial court ruled that the evidence of the additional packets was too

remote to be admissible and dismissed the possession charge. The State appealed the dismissal on the ground that the court had erred in excluding the evidence.

"The State claims it should be allowed to proceed under 22-3603 because its case has been substantially impaired, since the 45 packets of cocaine, if admitted into evidence, would: (1) strongly indicate Griffin's intent to sell cocaine; (2) help defeat anticipated entrapment and procuring agent defenses; and (3) be needed to invoke the presumption of incarceration set out in K.S.A. 1989 Supp. 65-4127b(d). Griffin argues that the dismissal of one count in a three count complaint does not substantially impair the State's ability to proceed with the remainder of its case." 246 Kan. at 324.

The *Griffin* court looked at four cases in which the *Newman* standard had been applied:

"*State v. Huninghake*, 238 Kan. 155, 156-57, 708 P.2d 529 (1985) (suppression of blood alcohol test, given the statutory presumption of intoxication based on the test, substantially impaired State's ability to prosecute DUI case); *State v. Jones*, 236 Kan. 427, 428, 691 P.2d 35 (1984) (suppression of testimony by highway patrolman regarding defendant's refusal to complete one phase of field sobriety test did not substantially impair State's ability to prosecute DUI case); *State v. Wanttaja*, 236 Kan. 323, 325, 691 P.2d 8 (1984) (suppression of blood alcohol test substantially impaired State's ability to prosecute DUI case); and *State v. Galloway*, 235 Kan. 70, 73-74, 680 P.2d 268 (1984) (suppression of composite drawing and victim's identification of her assailant at photographic lineup substantially impaired State's ability to prosecute rape case)." 246 Kan. at 323-24.

The court noted: "In *State v. Huninghake*, 238 Kan. at 157, [708 P.2d 529 (1985)], we stated: 'Suppression rulings which seriously impede, although they do not technically foreclose, prosecution can be appealed under K.S.A. 22-3603.' " 246 Kan. at 324. Further, *Griffin* cites *Newman* for the proposition that "[t]hough the term 'suppressing evidence' has a broader meaning than illegally seized evidence, the appellate courts of Kansas will not take jurisdiction of the prosecution's interlocutory appeal from every run-of-the-mill, pretrial evidentiary ruling of a district court, especially in those situations where trial court discretion is involved. *State v. Newman*, 235 Kan. at 35." 246 Kan. at 326. *Griffin* then notes that the question whether evidence is too remote to be relevant is left to the discretion of the trial judge and concludes that the trial judge did not abuse its discretion, thereby impliedly finding that the order

of exclusion substantially impeded the State's ability to prosecute the case.

In *State v. Jones*, 236 Kan. 427, 691 P.2d 35 (1984), cited in *Griffin*, the court concluded that the trial court's exclusion had not substantially impaired the State's case. *Jones* is a short, concise opinion and may be set out here substantially in full:

"Jones was arrested by a trooper of the Kansas Highway Patrol for driving while under the influence of intoxicating liquor. The trooper noticed that Jones swayed when he walked and smelled of alcohol. Jones told the trooper that he had consumed a few beers and that he had hit a guard rail while attempting to avoid an accident with another vehicle—thus, that he had been driving his pickup after he had consumed the beers. The trooper asked Jones to take a field sobriety test. Jones completed some parts of the test, but when he was reciting the alphabet, he stopped at the letter 'p' and refused to proceed. He also refused to attempt the finger-to-nose test.

"The trial court ruled that the prosecution could not introduce evidence of the defendant's refusal to take the finger-to-nose test, and it could not comment on his failure to complete the alphabet test. The State then filed a notice of appeal. Later, the trial court reversed its ruling as to the comment on the alphabet test, but stood by its ruling that the State could not introduce evidence of or comment upon defendant's failure to take the finger-to-nose test.

"Does that ruling substantially impair the State's ability to prosecute this case? The State has all of the trooper's observations of the defendant, the results of the field sobriety test, excepting one small portion thereof, and presumably it has either the results of a blood alcohol test or evidence that defendant refused to take such a test. Additionally, it has the defendant's admissions of consumption of alcohol, followed by driving a motor vehicle, followed by a collision with a guard rail. Obviously, the State can proceed with prosecution without the excluded bit of evidence. It has no statutory authority to appeal and we have no authority or desire to review, piecemeal, every evidentiary ruling adverse to the prosecution made in the course of a criminal proceeding.

"We lack jurisdiction to hear the matter, and therefore dismiss the appeal." *State v. Jones*, 236 Kan. at 427-428.

By way of comparison, in *State v. Bradley*, 42 Kan. App. 2d 104, 208 P.3d 788 (2009), the Court of Appeals found an order excluding evidence of the defendant's refusal to submit to a breath test did substantially impair the prosecution when there had been no field sobriety testing or other objective indicators of intoxication, and in light of the mitigating factor that the wreck defendant had been in occurred during a snowstorm.

Examining these cases, it appears that in order to determine whether a trial court order substantially impairs the State's ability to prosecute a case, the evidence available to the State must be assessed to determine just how important the disputed evidence is to the State's ability to make out a prima facie case. *Newman* and subsequent cases also indicate that evidence subject to a discretionary standard of admission is less likely to substantially impact the State's case. *Cf. State v. Kleypas*, 282 Kan. 560, Syl. ¶ 2, 147 P.3d 1058 (2006) (ruling made as a matter of law less likely to change at trial; therefore, if it is truly one which substantially impairs the State's case, it is proper for interlocutory appeal).

In this case, because there has already been a trial, it is relatively easy to assess the State's case against Sales with and without the disputed evidence. The State's case consisted primarily of the testimony of the victim about the abuse and that of the victim's aunt to whom she first made disclosure, combined with the testimony of Agent Hamilton concerning her interview of the victim. The victim's mother also testified to the events around the disclosure. None of this testimony was affected by the district court's pretrial ruling.

The testimony of Agent Hamilton concerning delayed disclosure was brief, extremely general, and in essence boils down to one or two sentences indicating that it is not unusual for children who are in a relationship with their abuser to delay disclosing the abuse. The State still has the testimony of the victim, her aunt, her mother, and Agent Hamilton's interview testimony. Very little is lost with the removal of Agent Hamilton's testimony on delayed disclosure. Indeed, the need for expert testimony on the issue at all is disputed.

An additional reason might be cited to support a determination that this court should not take jurisdiction over this interlocutory appeal. The defendant filed his Rule 6.09(b) letter raising the jurisdictional issue on November 10, 2009. Rule 6.09(b) does not set a definite response time; however, it does provide that "any response must be made promptly." 2009 Kan. Ct. R. Annot. at 48. The State did not respond prior to oral argument held December 10 and has filed nothing in writing addressing the jurisdictional

issue. In *Bradley*, the Court of Appeals commented on the State's failure to address the jurisdictional issue this way:

"The State did not file a reply brief. Its failure to adequately brief the issue of substantial impairment of its prosecution could be deemed waiver or abandonment of the necessary jurisdictional showing. Accordingly, this court could refuse to exercise jurisdiction over the State's interlocutory appeal. See *State v. Walker*, 283 Kan. 587, 594, 153 P.3d 1257 (2007) (An issue not briefed by the appellant is deemed waived or abandoned.)." *Bradley*, 42 Kan. App. 2d at 106.

The excluded evidence cannot fairly be said to substantially impair the State's prosecution in this case. In addition, the State has not addressed the jurisdictional issue. We find that this interlocutory appeal was improvidently taken and hold that we do not have jurisdiction over the case.

Appeal dismissed.