NOT DESIGNATED FOR PUBLICATION

No. 116,140

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellant*,

v.

JERRY A. ANDERSON,
*Appellee*.

MEMORANDUM OPINION

Appeal from Reno District Court; TRISH ROSE, judge. Opinion filed April 7, 2017. Remanded with directions.

*Keith E. Schroeder*, district attorney, and *Derek Schmidt*, attorney general, for appellant.

*Shannon S. Crane*, of Hutchinson, for appellee.

Before HILL, P.J., MALONE and GARDNER, JJ.

*Per Curiam*: This interlocutory appeal by the State challenges the district court's suppression of evidence. Because the district court's findings are insufficient to permit our meaningful review, we remand the case for additional findings and conclusions.

*Factual and procedural background*

The State's complaint against Jerry A. Anderson charged him with aggravated (armed) robbery of a Loan Max store in Hutchinson, Kansas. The security video from the

1

store showed a black male, wearing a new blue and red Atlanta Braves baseball cap, a black do-rag, a long-sleeved blue shirt, blue jeans, and white tennis shoes.

Security video from Loan Max and two nearby businesses showed the robber arriving and leaving in a black vehicle. One of the detectives believed the driver could be Adina Smith because he knew she drove a black Saturn Ion. About 3½ hours after the robbery, detectives observed Smith going to a cable company and paying her overdue cable bill. The detectives followed Smith to a residence and learned that the utilities at the residence were in Anderson's name.

The Hutchinson Police Department showed a 7-person line up to the Loan Max employee who was robbed, and she selected two photographs, one of which was of Anderson. The detectives learned that Anderson was on parole for a 2007 aggravated robbery conviction. Detectives then contacted Anderson's parole officer, Julie Novinger, and asked her to view the video of the robbery. Novinger did so and identified the man in the video as Anderson.

At the detectives' suggestion, Novinger asked Anderson to come to her office for drug testing. When Anderson arrived the next day, three detectives questioned and arrested him. When Anderson heard them talking about searching his residence, he verbally consented for them to do so. The detectives then performed a warrantless search of Anderson's residence in the presence of Anderson and Novinger. As a parolee, Anderson had signed an agreement containing the standard conditions of release that require the parolee to submit to search of his person, residence, or any other property under his control by any law enforcement officer based upon a reasonable suspicion of violations of the conditions of postrelease supervision or reasonable suspicion of criminal activity. Officers found a black CO2 BB gun, an Atlanta Braves baseball cap, a black do-rag, blue jeans, and white tennis shoes, which closely matched the eyewitness' description of the clothing worn by the robber.

After being charged with aggravated robbery, Anderson filed two motions: one to suppress the identification testimony by the Loan Max Clerk, and one to suppress the evidence found at his residence during the search. At the evidentiary hearing, the State argued the search was supported by two grounds: consent and reasonable suspicion of a crime by Anderson, a parolee. Anderson's counsel argued the search lacked reasonable suspicion. The district court took the motions under advisement and later denied the motion to suppress eyewitness testimony but granted the motion to suppress the clothing evidence.

The State brought this interlocutory appeal pursuant to K.S.A. 2014 Supp. 22-3603. We issued a show cause order for the State to establish our jurisdiction by showing the suppression substantially impaired its ability to prosecute this case. See *State v. Sales*, 290 Kan. 130, 135-36, 224 P.3d 546 (2010). The State did so and we found jurisdiction. We thus address the merits of this interlocutory appeal, beginning with a review of the district court's findings on the suppression motion.

*The district court's findings*

The district court's findings of fact first recite the background—the fact of the robbery, why the Detectives focused on Anderson as a suspect, Anderson's status as a parolee, and Novinger's identification of him as the person in the videos of the robbery. Only two other factual findings follow:

"4. Defendant reported to Julie Novinger at her request. He was met by law enforcement who proceeded to search his residence without a warrant.

"5. In a probable cause affidavit filed May 11, 2015, Sergeant Tyson Myers of the Hutchinson Police Department summarized the investigation and stated as follows:

3

'I placed Anderson into custody for the robbery and he was driven to his residence . . . . I made contact with Smith at their residence . . . . I explained to Smith that I was investigating an armed robbery and that we were going to search their residence for evidence. The residence was searched due to Anderson being on parole. Novinger was present during the search.'"

The district court's conclusions of law follow. They recite general Fourth Amendment principles—the State's burden to prove the lawfulness of a search, the unreasonableness of warrantless searches unless an exception to the warrant requirement applies, and what those exceptions are. Two conclusions of law relating to Kansas law then follow:

"4. Parolees and probationers have a reduced expectation of privacy thereby rendering certain intrusions by governmental authorities reasonable which otherwise would be invalid under traditional constitutional concepts. State v. Toliver, 52 Kan.App.2d 344, 368 P.3d 1117 (2016).

"5. K.S.A. 2014 Supp. 22-3717(k) defines the diminished privacy interests of Kansas parolees and sets the parameters by which a parolee may be subject to a reasonable search and seizure. Consistent with the diminished privacy interests, K.S.A. 2014 Supp. 22-3737(k)(2) allows parole officers to subject parolees to suspicionless searches and seizures. The statute does not, however, empower parole officers to further infringe upon the privacy expectations of parolees by sanctioning the suspicionless searches of their residences and other property under their control. Toliver, supra."

The court then states its ultimate conclusion:

"6. The search of defendant's residence on May 7, 2015, was in violation of defendant's Fourth Amendment rights. As a parolee defendant's privacy interests did not diminish to the point of allowing a warrantless search of his residence."

4

The district court's decision does not address consent except to include consent in its list of well-recognized exceptions to the Fourth Amendment warrant requirement. Novinger's uncontradicted testimony that Anderson consented to the search of his residence is not mentioned. Thus on review, we cannot tell why the district court did not find the consent exception, argued by the State and facially supported by evidence, applicable. The findings could suggest that the district court agreed with Anderson's argument that the issue was controlled by the officer's subjective intent, as reflected in his affidavit stating the residence was searched due to Anderson being on parole. But an officer's subjective intent is not determinative of the objective reasonableness of a Fourth Amendment search. See *Whren v. United States*, 517 U.S. 806, 812, 116 S. Ct. 1769, 135 L. Ed. 2d 89 (1996) ("an officer's motive [does not] invalidate[] objectively justifiable behavior under the Fourth Amendment"); *State v. Jones*, 300 Kan. 630, 638, 333 P.3d 886 (2014), and cases cited therein.

Typically, when reviewing a district court's ruling on a motion to suppress evidence, we review the factual underpinnings of the decision by a substantial competent evidence standard and the ultimate legal conclusion drawn from those facts by a de novo standard. The ultimate determination of the suppression of evidence is a legal question requiring independent appellate review. *State v. Vandervort*, 276 Kan. 164, 169, 72 P.3d 925 (2003), *overruled on other grounds by State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 (2015). But the district court's findings of fact and conclusions of law in this case do not permit us to conduct a meaningful review. Supreme Court Rule 165 (2017 Kan. S. Ct. R. 214) places the primary duty to provide adequate findings of fact and conclusions of law on the district court. *Fischer v. State*, 296 Kan. 808, 825, 295 P.3d 560 (2013). Parties also play a role in ensuring adequate findings. They have a responsibility to object to insufficient findings in order to preserve issues for appeal, as Anderson notes. 296 Kan. at 825. But even where, as here, a party fails to object below, if the record on appeal is so deficient that meaningful review by this court is not possible, this court can remand the case for additional findings and conclusions. 296 Kan. at 825. We must do so here.

We remand to the district court for further proceedings, including the development of more comprehensive findings as to whether the consent exception applies.

Remanded with directions.