NOT DESIGNATED FOR PUBLICATION

Nos. 115,543
115,544

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ANGELA MARTINDALE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; STEPHEN J. TERNES, judge. Opinion filed July 7, 2017. Affirmed.

*Carl F.A. Maughan*, of Maughan Law Group LC, of Wichita, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., PIERRON, J., and BURGESS, S.J.

*Per Curiam*: Angela Martindale appeals the revocation of her probation and postimprisonment supervision. She argues the district court abused its discretion in revoking her probation and did not have jurisdiction to revoke her postimprisonment supervision.

On December 11, 2014, the State charged Martindale with felony DUI, a nongrid, nonperson felony in case 14 CR 3317. On June 16, 2015, the State charged Martindale with three counts of forgery, a level 8 nonperson felony; one count of theft after prior

1

conviction, a level 9 nonperson felony; and one count of theft, a class A nonperson misdemeanor in case 15 CR 1771.

On July 29, 2015, Martindale pled guilty to one amended count of making a false information, a level 8 nonperson felony, and one count of felony DUI under K.S.A. 2014 Supp. 8-1567(a)(2), (b)(1)(D). In exchange, the State dismissed all remaining counts. In case 14 CR 3317, the district court sentenced her to a controlling sentence of 12 months in prison to be served by 48 hours in the county jail followed by 2,160 hours on house arrest followed by 12 months of postimprisonment supervision. In case 15 CR 1771, the court granted Martindale a downward dispositional departure to 18 months' probation with an underlying sentence of 23 months. The court also ordered the underlying prison sentences to run consecutive to each other, for a total of 35 months' imprisonment.

On October 30, 2015, the State issued a warrant alleging Martindale had violated the terms of her supervision with community corrections by committing two new offenses—counterfeiting and shoplifting. On November 24, 2015, the State filed another warrant alleging Martindale had violated the terms of her supervision again by leaving Sedgwick County without permission, going to a casino, and committing another offense—theft.

On December 3, 2015, the district court held a probation violation hearing for both cases. Martindale waived her right to a hearing and admitted to the violations. The State noted Martindale had not even completed her house arrest in case 14 CR 3317, and she had already committed several more crimes within 2 months of sentencing. The State recommended the court impose the underlying sentence. Martindale's supervising officer also recommended revoking her probation and imposing the underlying sentence. Martindale argued that her violations were the result of unaddressed mental health issues and requested the court place her back on probation.

In reaching a disposition, the district court noted it had already granted Martindale a dispositional departure by placing her on probation in case 15 CR 1771. Within a short period of time, however, she had committed three new offenses. The court explained this indicated the same thing would occur if it placed Martindale back on probation.

The district court judge decided to revoke Martindale's probation and impose the underlying sentence. In doing so, the court made a finding under K.S.A. 2015 Supp. 22-3716(c)(9) that Martindale's welfare would not be served by remaining on probation or intermediate sanctions: "I think under these circumstances it's pretty clear that probation just is not going to work for whatever reason." The court also made a finding under K.S.A. 2015 Supp. 22-3716(c)(9) that the safety of the public would be jeopardized as Martindale had committed three additional crimes while still on house arrest.

The district court also granted Martindale's request to modify her sentence and allowed her sentence in 15 CR 1771 to run concurrent with her sentence in 14 CR 3317, for a controlling sentence of 23 months. The court found it would be manifestly unjust for Martindale to serve the two terms consecutive to each other. The court found it would be in Martindale's best interest to serve her time in the Kansas Department of Corrections (KDOC) and not return to jail. After serving the 23 months, Martindale would be finished with her sentence and could get the mental health services she needed. Martindale appeals.

Martindale's docketing statement indicated she could be released from incarceration as soon as February 22, 2017. This court issued a show cause order asking why the appeal should not be dismissed as moot. Martindale's attorney responded that he had "no information which suggests Ms. Martindale has not completed her entire sentence," but asked the court to retain the appeal because it was an issue of statewide importance, and due to the short term of postimprisonment supervision, capable of

3

repetition yet evading review. The State did not respond to the show cause order and has not filed a change of custody status.

"An appeal will not be dismissed as moot unless it clearly and convincingly appears that the actual controversy has ceased and the only judgment which could be entered would be ineffectual for any purpose and an idle act insofar as rights involved in the action are concerned." *State v. Hilton*, 295 Kan. 845, Syl. ¶ 3, 286 P.3d 871 (2012). In this case, the record is not clear as to whether Martindale has completed her sentence. Additionally, at the very least, her argument regarding jurisdiction to revoke postimprisonment supervision is an issue capable of repetition and of public importance. See 295 Kan. at 850-52. Thus, her appeal is arguably not moot.

On appeal, Martindale first argues the district court erred in revoking her probation based on inconsistent findings. We review a district court's decision to revoke probation for an abuse of discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the district court; (2) the action is based on an error of law; or (3) the action is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2012).

Martindale argues the district court's decision to revoke her probation was unreasonable. She contends the court made findings under K.S.A. 2015 Supp. 22-3716(c)(9) that continuing on probation would not serve her welfare and would jeopardize the public's safety. At the same hearing, the court made a finding that ordering Martindale to serve her two prison sentences consecutively would result in manifest injustice. Martindale contends these two findings are inconsistent and, thus, the court abused its discretion.

4

In making its decision, the district court emphasized that Martindale had committed three new offenses within 2 months of sentencing. The court found this was a clear indicator Martindale could not successfully complete probation and continued to present a threat to public safety. The court also found, however, that Martindale's impulsive behavior likely was the result of untreated mental health issues. As a result, the court was persuaded that the best option was for Martindale to serve a shorter sentence in the KDOC, be completely done with any obligations to the court, and be free to seek help for her mental health issues. A reasonable person could agree with the court's decision, thus the court did not abuse its discretion.

Next, Martindale argues the district court did not have jurisdiction to revoke her postimprisonment supervision because she was in the custody of KDOC. Martindale reasons that postimprisonment supervision is essentially the same thing as postrelease supervision. Those on postrelease supervision are in the custody of KDOC. Therefore, Martindale was technically in the custody of KDOC, and the district court had no authority to revoke her supervision. Alternatively, she argues only her supervising agency had authority to revoke her supervision.

Whether jurisdiction exists is a question of law over which we have unlimited review. *State v. Dull*, 302 Kan. 32, 61, 351 P.3d 641 (2015). The State argues that Martindale did not raise this issue below and has failed to properly brief why we should hear the issue for the first time on appeal. However, a litigant may raise subject matter jurisdiction for the first time on appeal. *State v. Sales*, 290 Kan. 130, 135, 224 P.3d 546 (2010).

First, as the State points out, Martindale was likely not on postimprisonment supervision at the time of the revocation. The journal entry of judgment in 14 CR 3317 states, "Postimprisonment supervision granted after serving term of 48 hours jail; followed by 2,160 hours House Arrest." Martindale's jail term was to begin on October

16, 2015, so the earliest she could have been finished with house arrest would have been mid-January 2016. The district court held the probation revocation hearing on December 3, 2015. Both the State and the court stated on the record at the hearing that Martindale had not completed her house arrest. Nevertheless, the court filed a journal entry of postimprisonment supervision revocation.

Assuming Martindale was on postimprisonment supervision, however, her argument still fails. K.S.A. 2014 Supp. 8-1567(b)(3) states, in relevant part:

"After the term of imprisonment imposed by the court, the person shall be placed on supervision to community correctional services or court services, as determined by the court, for a mandatory one-year period of supervision, which such period of supervision shall not be reduced. . . . Any violation of the conditions of such supervision may subject such person to revocation of supervision and imprisonment in jail for the remainder of the period of imprisonment, the remainder of the supervision period, or any combination or portion thereof."

Prior versions of K.S.A. 8-1567 did place offenders convicted of felony DUI on postrelease supervision and in the custody of the Secretary of Corrections after completion of the imprisonment portion of their sentence. In 2011, though, the Kansas Legislature eliminated this requirement and replaced it with the current provisions mandating postimprisonment supervision. L. 2011, ch. 105, § 19. When the legislature revises an existing law, we presume the legislature intended to change the law as it existed prior to the amendment. *State v. Snellings*, 294 Kan. 149, 157, 273 P.3d 739 (2012). Because the legislature eliminated the provision requiring postrelease supervision for those convicted of felony DUI, we must presume the current version of the statute requires a distinct form of supervision. See *State v. Beltran*, No. 112,970, 2015 WL 4487082, at *1 (Kan. App. 2015) (unpublished opinion), *rev. denied* 304 Kan. 1018 (2016) ("Post-imprisonment supervision for a DUI conviction is akin to probation, and . . . it [is] within the district court's discretion to revoke [it].")

6

Moreover, K.S.A. 2015 Supp. 22-3716(b)(3)(B) authorizes the district court to revoke postimprisonment supervision. K.S.A. 2015 Supp. 22-3716 generally governs procedures when an offender violates the terms or his or her nonprison sanction and applies "at any time during which a defendant is serving a nonprison sanction for a crime committed on or after July 1, 1993." K.S.A. 2015 Supp. 22-3716(a). The statute further reads, in relevant part:

> "Except as otherwise provided, if the original crime of conviction was a misdemeanor or a felony specified in subsection (i) of K.S.A. 2015 Supp. 21-6804, and amendments thereto, and a violation is established, the court may: . . . revoke the probation, assignment to a community correctional services program, suspension of sentence or nonprison sanction and require the defendant to serve the sentence imposed, or any lesser sentence, and, if imposition of sentence was suspended, may impose any sentence which might originally have been imposed." K.S.A. 2015 Supp. 22-3716(b)(3)(B)(iii).

Felony DUI is one of the felonies listed in K.S.A. 2015 Supp. 21-6804(i). K.S.A. 2014 Supp. 8-1567 does not provide the mechanism by which postimprisonment supervision may be revoked, thus, it is not "otherwise provided." Therefore, K.S.A. 2015 Supp. 22-3716 authorizes the district court to revoke postimprisonment supervision for those, like Martindale, who are convicted of felony DUI.

Because the district court did not abuse its discretion in revoking Martindale's probation and it had jurisdiction to revoke her postimprisonment supervision, Martindale's appeal fails.

Affirmed.

7