NOT DESIGNATED FOR PUBLICATION

No. 118,800

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KEVIN L. BROWN JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY E. GOERING, judge. Opinion filed February 1, 2019. Appeal dismissed.

*Kristen B. Patty*, of Wichita, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., HILL and SCHROEDER, JJ.

PER CURIAM: After the district court summarily denied Kevin L. Brown Jr.'s pro se motion for ineffective assistance of counsel and to appoint counsel, he appealed. But he did not do so until nine months later. Because his appeal was not timely filed, we lack jurisdiction to consider it and dismiss his appeal.

*Factual and Procedural History*

In October 2011, a jury convicted Brown of first-degree murder, aggravated burglary, and aggravated assault. The district court sentenced Brown to a hard-20 life sentence plus 120 months. Brown pursued a direct appeal raising five issues, and the Kansas Supreme Court affirmed his convictions and sentences. *State v. Brown*, 299 Kan. 1021, 327 P.3d 1002 (2014). It then issued its mandate in July 2014.

In July 2016, Brown filed a pro se motion for ineffective assistance of counsel and to appoint counsel. That motion asked the district court to fire Michael Whalen, the attorney who had represented Brown on his direct appeal. Brown said that he and Whalen did not agree on the issues raised on appeal. He asked the court to appoint a new attorney and allow that attorney to "file a new legal brief . . . to be heard by the Supreme Court of Kansas." The district court summarily denied Brown's motion on October 11, 2016, citing *State v. Smith*, 278 Kan. 45, 51, 92 P.3d 1096 (2004). *Smith* held that once a defendant's appeal is docketed, the district court loses jurisdiction to hear that defendant's posttrial motions.

*Smith* cited *State v. Dedman*, 230 Kan. 793, Syl. ¶ 2, 640 P.2d 1266 (1982), which recited the rule more fully: "When an appeal is docketed, the trial court's jurisdiction ends and the sentence may then be modified only after the mandate from the Supreme Court or Court of Appeals is returned, or by motion to remand temporarily for modification of the sentence."

*Smith* was a direct appeal; thus, no mandate had been returned to the district court, and "[n]o motion for remand to the district court had been filed." 278 Kan. at 51. Because its procedural posture is distinctively different than in this case, the district court relied on *Smith* in error.

2

As *Dedman* recognized, the trial court generally regains the ability to hear motions after the mandate from an appellate court is issued. See *State v. Gibbons*, 256 Kan. 951, 966-67, 889 P.2d 772 (1995). That is what happened here. The Supreme Court issued its mandate after Brown's direct appeal terminated in July 2014, restoring jurisdiction to the district court long before Brown filed his motion in July 2016.

Nine months after the district court ruled that it lacked jurisdiction to entertain Brown's motion, Brown filed a notice of appeal. The case was initially docketed with the Kansas Supreme Court which issued a show cause order, questioning its jurisdiction for several reasons. Brown responded that he had been incarcerated in South Dakota since 2013 (before his direct appeal was concluded) and due to the circumstances of his incarceration, "he was unaware (and was not informed) of the right to appeal or the time for doing so." He argued the first *Ortiz* exception, and perhaps the second, applied for his appeal to be permitted out of time. See *State v. Ortiz,* 230 Kan. 733, 640 P.2d 1255 (1982). The State replied that *Ortiz* applies to some late direct appeals but does not apply to 60-1507 motions.

After both parties responded to the show cause order, the Kansas Supreme Court transferred the case to the Court of Appeals because Brown had admitted the underlying motion was a K.S.A. 60-1507 motion, and such motions are initially decided by the Kansas Court of Appeals. It did not address Brown's untimely notice of appeal. Two days later, the State moved for involuntary dismissal based on Brown's untimely appeal, again arguing that *Ortiz* did not apply. Brown responded by arguing he had no access to Kansas materials or to a Kansas lawyer and that the first or second *Ortiz* exception permitted his untimely appeal.

Our motions panel summarily denied the State's motion for involuntary dismissal. By doing so, we retained jurisdiction of the case, "meaning [the] assigned panel may reexamine the issue." *Bowen v. Cantrell*, No. 118,099, 2018 WL 793326, at *2 (Kan.

3

App. 2018) (unpublished opinion). We now revisit the question of our jurisdiction, as is our duty. See *State v. Sales*, 290 Kan. 130, 135, 224 P.3d 546 (2010) (finding subject matter jurisdiction may be raised at any time); *State v. J.D.H.*, 48 Kan. App. 2d 454, 458, 294 P.3d 343 (2013) (noting appellate court has duty to raise subject matter jurisdiction on its own initiative when record discloses possibility that subject matter jurisdiction is lacking).

*This court lacks jurisdiction to hear Brown's appeal because he did not file a timely notice of appeal.*

The State first argues that we lack jurisdiction to consider Brown's appeal. It contends that Brown had 30 days to file a notice of appeal, that Brown filed his notice of appeal after that 30-day period expired, and that Brown's untimely filing of his notice of appeal precludes jurisdiction on appeal. Brown has not responded to that argument.

Whether jurisdiction exists is a question of law over which this court's scope of review is unlimited. See *State v. Smith*, 304 Kan. 916, 919, 377 P.3d 414 (2016). The right to appeal is statutory and is not contained in the United States or Kansas Constitutions. Subject to some exceptions, Kansas appellate courts have jurisdiction to entertain an appeal only if the appeal is taken in the manner prescribed by statutes. 304 Kan. at 919. The timely filing of a notice of appeal is jurisdictional. Beyond that, most of the subsequent steps in prosecuting an appeal are generally provided by appellate rule and are enforceable at the appellate court's discretion. *In re McDaniel*, 54 Kan. App. 2d 197, 209, 339 P.3d 222 (2017).

A K.S.A. 60-1507 motion is a civil proceeding and is governed by the rules of civil procedure. Supreme Court Rule 183(a)(2) (2019 Kan. S. Ct. R. 228). Under K.S.A. 2017 Supp. 60-2103(a), a party has 30 days from the entry of judgment to file a civil appeal. Brown's motion was denied on October 11, 2016. He had 30 days to file a notice

4

of appeal but did not do so until July 5, 2017. The parties do not dispute that Brown filed his appeal more than 30 days after the district court entered judgment on his K.S.A. 60-1507 motion. Because Brown's appeal is untimely, we generally would not have jurisdiction to consider his appeal. Instead, it becomes our duty to dismiss the appeal. *Northern Natural Gas Co. v. ONEOK Field Services Co.,* 296 Kan. 906, 916, 296 P.3d 1106 (2013).

In an abundance of caution, however, we consider the argument Brown made to our motions panel that *Ortiz* exceptions may save his untimely appeal. Under the *Ortiz* exceptions, an indigent defendant may file a direct criminal appeal out of time in those cases where the defendant (1) was not informed of the right to appeal, (2) was not furnished an attorney to perfect an appeal, or (3) was furnished an attorney for that purpose who failed to perfect and complete an appeal. *Smith*, 304 Kan. at 919. But the *Ortiz* exceptions do not apply where a defendant files an untimely appeal from the denial of a K.S.A. 60-1507 motion. See *Albright v. State*, 292 Kan. 193, 201, 251 P.3d 52 (2011); *Guillory v. State*, 285 Kan. 223, Syl. ¶ 3, 170 P.3d 403 (2007).

We note that a defendant may be entitled to an untimely appeal from a trial court's dismissal of a petition for postconviction relief when the defendant was furnished with an attorney for the purposes of an appeal, and, but for counsel's deficient performance, defendant would have timely appealed. *Albright*, 292 Kan. at 201. Such is not the case here, however. Brown acted pro se in filing his motion, and the record reflects he did not have an attorney then or at the time his motion was denied. We thus dismiss this case for lack of appellate jurisdiction.

Appeal dismissed.