No. 111,797

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellant*,

v.

DAVID MBUGUA MBURU,
*Appellee*.

SYLLABUS BY THE COURT

1.

An appellate court has jurisdiction to entertain a State's appeal only if it is taken within time limitations and in the manner prescribed by the applicable statutes.

2.

The State may appeal the suppression of a confession or admission as a matter of statutory right under K.S.A. 2013 Supp. 22-3603 without showing that the suppression substantially impairs the State's ability to prosecute the case.

3.

A stipulation by a party to an element of the offense in a criminal case is relevant because it unequivocally proves a material fact.

4.

The law favors the admission of relevant evidence and the exclusion of such evidence is an extraordinary remedy that must be used sparingly.

1

5.

A court may exclude relevant evidence if it determines that the risk of unfair prejudice substantially outweighs the probative value.

6.

A defendant's stipulation precludes a defendant from asking the trial judge to suppress evidence because a defendant has agreed the evidence can be admitted and considered.

7.

All evidence that is derogatory to the defendant is, by its nature, prejudicial to the defendant's claim of not guilty. Only relevant evidence that is unduly prejudicial may be excluded from consideration by the jury.

8.

The State has the right and the duty to establish the elements of the crime charged.

9.

A stipulation to evidence that could be legally admitted at trial absent the stipulation cannot be unduly prejudicial.

10.

A court is required to submit an agreed-upon stipulation to an element of the crime to the jury for its consideration in the manner established in *State v. Lee*, 266 Kan. 804, 815-16, 977 P.2d 263 (1999).

Appeal from Johnson District Court; BRENDA M. CAMERON, judge. Opinion filed March 13, 2015. Reversed and remanded.

2

*Alex M. Scott*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellant.

*Catherine A. Zigtema*, of Law Office of Kate Zigtema, LC, of Lenexa, for appellee.

Before ARNOLD-BURGER, P.J., PIERRON and BUSER, JJ.

ARNOLD-BURGER, J.: David Mbugua Mburu is charged with the refusal to submit to alcohol or drug testing at a time when he had a prior driving under the influence (DUI) conviction or diversion. See K.S.A. 2013 Supp. 8-1025(a)(2). Mburu stipulated to a prior DUI conviction; however, the district court determined that the stipulation would not be presented to the jury because its prejudicial effect outweighed its probative value. Instead, the district court determined that it would provide the jury with an elements instruction that excluded the stipulated element. The State filed this interlocutory appeal, asserting that the district court must allow Mburu's stipulation to be presented to the jury because it is an element of the crime. In response, Mburu asserts that this court does not have jurisdiction to hear the State's appeal because the State is unable to show that the prosecution would be substantially impaired by the court's ruling. Moreover, Mburu asserts that even if this court does have jurisdiction, the district court did not err in suppressing the stipulation. Having carefully considered the record and the briefs, we find that we have jurisdiction to consider this appeal and that the court abused its discretion when it held that it was not going to provide the stipulation to the jury. We reverse and remand.

FACTUAL AND PROCEDURAL HISTORY

A man identified as Mburu was allegedly driving erratically in Johnson County, Kansas. A witness reported the erratic driving and followed Mburu until he stopped and parked his car. When officers arrived at the scene, Mburu was stumbling, his speech was

slurred, and he smelled of alcohol. In addition, an empty bottle of vodka and an empty bottle of beer were found in his vehicle. Mburu refused to take a preliminary breath test.

Mburu was charged with one count of felony DUI, one count of refusing a preliminary breath test, one count of refusing to submit to other tests at a time when he has a prior conviction for DUI, and one count of driving without an ignition interlock device.

Mburu filed a motion in limine in which he requested to stipulate to his prior DUI convictions, but the stipulation would only be submitted to the district court. Mburu also asked for an order preventing the State from presenting such evidence to the jury, reasoning that because his prior conviction was an element of the charged crime and his stipulation to the element relieved the State of its burden to prove that element, then there is no justifiable reason to present such evidence to the jury.

The State countered that it was willing to accept Mburu's stipulation, but it wanted to present the stipulation to the jury because every element of the crime had to be proven to the jury and the State was not willing to waive a jury trial on any element of the crime charged.

Initially, the district court determined that the State could present evidence of Mburu's prior DUI convictions. However, on the day of trial, the district court reversed itself and held that the State could not present evidence of Mburu's prior DUI convictions because the prejudicial effect outweighed the probative value. This decision included the stipulation itself. But the district court was willing to give the jury a modified elements instruction that would exclude the element of a predicate conviction.

The State filed an interlocutory appeal from the district court's decision.

4

ANALYSIS

*We have jurisdiction over the State's interlocutory appeal.*

Mburu argues that this court lacks jurisdiction to hear the State's interlocutory appeal, relying on K.S.A. 2013 Supp. 22-3603, *State v. Newman*, 235 Kan. 29, 680 P.2d 257 (1984), and *State v. Mitchell*, 285 Kan. 1070, 179 P.3d 394 (2008). Mburu asserts that the State failed to show that it will be substantially impaired in prosecuting the case by the district court's exclusion of any evidence of Mburu's prior convictions at trial. Mburu also contends that because the State's interlocutory appeal was unauthorized, his speedy trial rights were violated and the case against him should be dismissed.

The State counters that the district court's actions resulted in the suppression of evidence that was vital to prove an element of the crime of refusing to take an alcohol test. Because the result was the suppression of evidence surrounding Mburu's necessary prior DUI conviction, including the stipulation or admission itself, K.S.A. 2013 Supp. 22-3603 is triggered and the State, it argues, is allowed to file an interlocutory appeal. The State also addresses Mburu's speedy trial argument, asserting that the language of K.S.A. 2013 Supp. 22-3604 allows such appeals by the State and the time while the appeal is pending does not count towards speedy trial calculations.

Whether jurisdiction exists is a question of law over which this court's scope of review is unlimited. *State v. Charles*, 298 Kan. 993, 1002, 318 P.3d 997 (2014). The right to appeal is entirely statutory and is not contained in the United States or Kansas Constitutions. Subject to certain exceptions, Kansas appellate courts have jurisdiction to entertain an appeal only if the appeal is taken in the manner prescribed by statutes. *State v. J.D.H.*, 48 Kan. App. 2d 454, 458, 294 P.3d 343, *rev. denied* 297 Kan. 1251 (2013).

The State's authority to appeal in a criminal case is limited by statute. The State may elect from the limited jurisdictional bases in its appeal. *State v. Berreth*, 294 Kan. 98, 112, 273 P.3d 752 (2012). The appellate court has jurisdiction to entertain a State's appeal only if it is taken within time limitations and in the manner prescribed by the applicable statutes. *State v. Sales*, 290 Kan. 130, 134, 224 P.3d 546 (2010).

The applicable statute is K.S.A. 2013 Supp. 22-3603, which provides:

"When a judge of the district court, prior to the commencement of trial of a criminal action, makes an order quashing a warrant or a search warrant, suppressing evidence or suppressing a confession or admission an appeal may be taken by the prosecution from such order if notice of appeal is filed within 14 days after entry of the order. Further proceedings in the trial court shall be stayed pending determination of the appeal."

In addition, our Supreme Court held in *Newman*, 235 Kan. at 34, that

"the term 'suppressing evidence' as used in [K.S.A. 22-2603] is to have a broader meaning than the suppression of evidence which is illegally obtained. It should include not only 'constitutional suppression' but also rulings of a trial court which exclude State's evidence so as to substantially impair the State's ability to prosecute the case."

The *Newman* court made it clear that the prosecution is not allowed to file an interlocutory appeal from every "run-of-the-mill pretrial evidentiary ruling" of a district court. 235 Kan. at 35. "Interlocutory appeals are to be permitted only where the pretrial order suppressing or excluding evidence places the State in a position where its ability to prosecute the case is substantially impaired." 235 Kan. at 35; see also *Sales*, 290 Kan. at 136 (quoting same). Accordingly, "the prosecutor should be prepared to make a showing to the appellate court that the pretrial order of the district court appealed from substantially impairs the State's ability to prosecute the case." 290 Kan. 130, Syl. ¶ 5.

In this case, the State charged Mburu with one count of refusing to submit to alcohol or drug testing under K.S.A. 2013 Supp. 8-1025. One of the requirements to convict a defendant of refusing to submit to testing is that the defendant either (1) has previously refused to take a test on or after July 1, 2001, and the defendant was 18 years of age or older or (2) has a prior DUI conviction or diversion that occurred on or after July 1, 2001, and the defendant was 18 years of age or older. K.S.A. 2013 Supp. 8-1025(a). Mburu stipulated that he had two prior DUI convictions for purposes of establishing the element required by K.S.A. 2013 Supp. 8-1025(a)(2).

The parties agree that by refusing to allow the State to present the stipulation to an element of the crime to the jury, the court was suppressing all the evidence of that element. But Mburu, relying on *Newman*, argues that it is not enough that the court suppressed evidence, the State is required to show the prosecution will be substantially impaired by the court's ruling and it cannot do so under these facts. Because he turns to *Mitchell*, 285 Kan. 1070, to bolster his argument, we will examine the facts of *Mitchell* in more depth.

In *Mitchell*, the defendant was charged with unlawful possession of a firearm, of which one of the elements is that the defendant has prior felony convictions or has been previously adjudicated a felon. The district court accepted the defendant's stipulation regarding his status as a felon who was prohibited from possessing a firearm. Because of the stipulation, the State was not allowed to present any *additional* evidence to the jury pertaining to the defendant's prior convictions. Unlike here, however, the stipulation was presented to the jury.

The State filed an interlocutory appeal, arguing—as it does here—that relying solely on the stipulation prevented the State from proving all of the elements of the crime of unlawfully possessing a firearm. Our Supreme Court disagreed, deciding that the State failed to show that the district court's acceptance of the stipulation was erroneous. 285

7

Kan. at 1079. The court concluded that this did not equate to a suppression of evidence because all the evidence necessary to establish the elements of the crime was submitted to the jury. In addition, the State was not able to establish that the exclusion of *additional* evidence on the prior convictions substantially impaired its ability to prosecute the case. Because of this failure, the State's interlocutory appeal was unauthorized and the court did not have jurisdiction to decide the appeal. See 285 Kan. at 1072-80.

*Mitchell* is distinguishable from Mburu's case because here the judge essentially suppressed *all* evidence of Mburu's prior convictions and, more importantly, Mburu's pretrial admission to one of the elements of the crime. In *Mitchell*, that admission or stipulation was admitted and presented to the jury. Here it was suppressed. The judge denied the prosecution the opportunity to present the most basic information regarding an element of the offense to the jury.

The State contends that requiring it to present evidence that the prosecution would be substantially impaired by the suppression of this evidence reads "nonexistent language into K.S.A. 22-3603" and all the State is required to show is that the evidence was suppressed. Notwithstanding *Newman*, the State relies on *State v. Mooney*, 10 Kan. App. 2d 477, 479, 702 P.2d 328, *rev. denied* 238 Kan. 879 (1985), to assert that unlike the general suppression of evidence, the suppression of a confession or admission does not require the State to prove that the prosecution will be substantially impaired by the ruling. So we next examine *Mooney*.

In *Mooney*, which was decided shortly after *Newman*, this court found that the language requiring the State to demonstrate substantial impairment of its ability to prosecute the case related only to the suppression of evidence. It does not apply to "quashing a warrant or search warrant" or "suppressing a confession or admission," both additional grounds for an interlocutory appeal set out in K.S.A. 2013 Supp. 22-3603. The holding in *Newman*, the court found, has no application in the suppression of a confession

8

or admission, and the State may appeal in those situations as a matter of statutory right. *Mooney*, 10 Kan. App. 2d at 479-80.

The Supreme Court denied review of *Mooney*, and we find that the distinction made therein is still persuasive and is consistent with the plain language of the statute. Although this case did involve suppression of evidence, it more specifically involved suppression of a stipulation or admission to an element of the crime. See *Bourne v. Atcheson, T. & S. F. Rly. Co.*, 209 Kan. 511, 517, 497 P.2d 110 (1972) ("A stipulation has been defined as an agreement, admission or concession made in judicial proceedings by the parties thereto or their attorneys."); *State v. Stegman*, 41 Kan. App. 2d 568, 571, 203 P.3d 52 (2009) (stipulations are judicial admissions). As such, we find consistent with *Mooney* that *Newman* has no application and the State was not required to show substantial impairment in the ability to prosecute the case. The State had the statutory right to appeal the suppression of Mburu's admission to an element of the crime.

Because we find that we do have jurisdiction over this appeal, we need not address Mburu's speedy trial claims.

*The district court erred when it determined that Mburu's stipulation could be kept from the jury altogether.*

The State asserts that the district court erred when it suppressed Mburu's stipulation to a prior driving under the influence conviction. Before discussing the district court's action here, we first examine our standard of review.

*We examine our standard of review.*

When deciding whether evidence will be admitted and viewed by the jury, the first step is to determine whether the evidence is relevant. *State v. Carapezza*, 286 Kan. 992,

997, 191 P.3d 256 (2008). All relevant evidence is admissible unless prohibited by statute. K.S.A. 60-407(f). Relevant evidence is any "evidence having any tendency in reason to prove any material fact." K.S.A. 60-401(b). But a court may exclude relevant evidence if it determines that the risk of unfair prejudice substantially outweighs the probative value. *State v. Miller*, 284 Kan. 682, 690, 163 P.3d 267 (2007); see K.S.A. 60-455. The law favors the admission of relevant evidence and the exclusion of such evidence is an extraordinary remedy that must be used sparingly. 284 Kan. at 690-91. We review the determination of whether evidence is unduly prejudicial under an abuse of discretion standard. *State v. Reid*, 286 Kan. 494, 512, 186 P.3d 713 (2008). A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012). The burden of proof is on the party alleging that the discretion was abused. *Reid*, 286 Kan. at 512.

A stipulation by a party to an element of the offense in a criminal case is relevant because it unequivocally proves a material fact. But in this case the district judge indicated her intent to exclude the stipulation from consideration by the jury because she found that it was "highly prejudicial." In fact, she indicated the "gut of that crime is the prior." Accordingly, we must determine whether the determination that the stipulation was unduly prejudicial, and therefore inadmissible, constituted an abuse of discretion.

> Lee *and* Mitchell *set out the proper procedure to be used in the case of a stipulation to a prior criminal offense.*

This is a matter of first impression in Kansas. Although there are several cases in Kansas involving a defendant who stipulates to being a felon for purposes of the felon in possession of a firearm offense, in all cases the stipulation was presented to the jury and only the additional evidence of the details of the offenses were excluded. *Cf. Mitchell*,

10

285 Kan. at 1072-74; *State v. Lee*, 266 Kan. 804, 809, 977 P.2d 263 (1999); *State v. Ramirez*, 50 Kan. App. 2d 922, 926-27, 334 P.3d 324 (2014), *petition for rev. filed* October 27, 2014; *State v. Coleman*, No. 107,117, 2013 WL 1859194, at *3 (Kan. App. 2013) (unpublished opinion), *rev. denied* 298 Kan. ___ (December 27, 2013). None involve the court's refusal to provide the stipulation to the jury and, instead, submit a modified elements instruction sans the stipulated element.

In *Lee*, the seminal case on this issue, our Supreme Court determined that in a case where the defendant's status is an element of the offense—in Lee's case his status as a felon—a defendant may stipulate that he or she has the necessary predicate conviction and the court is required to accept the stipulation. See 266 Kan. at 814-15. The district court may then give the jury an instruction that indicates that the status element of the crime is proven by the parties' stipulation. The court set out a specific procedure to be followed:

> "(1) When requested by a defendant in a criminal possession of a firearm case, the district court must approve a stipulation whereby the parties acknowledge that the defendant is, without further elaboration, a prior convicted felon. (2) At the same time, the State may place into the record, at its discretion, the actual judgment(s) and sentence(s) of the prior felony conviction(s). (3) Neither these documents nor the number and nature of the prior convictions should be disclosed to the trial jury. (4) Out of the jury's presence and after consultation with counsel, the defendant should be required to personally acknowledge the stipulation and his or her voluntary waiver of his or her right to have the State otherwise prove the convicted felon status element beyond a reasonable doubt. (5) The defendant's stipulation of convicted felon status satisfies the prosecution's burden of proof for that element of the crime. (6) If the element of 'convicted felon' is established by stipulation, 'the judge may thereafter instruct the jury that it can consider the convicted felon status element of the crime as proven by agreement of the parties in the form of a stipulation.' [Citation omitted]." 266 Kan. at 815-16.

11

The facts of Mburu's case are similar to those in *Lee and Mitchell*. While both *Lee*, and subsequently *Mitchell*, discussed the defendant's status as a prior convicted felon for the crime of criminal possession of a firearm, in Mburu's case, the status element is that he has a prior DUI conviction. Because all three cases involve the stipulation to a predicate crime that establishes the defendant's status, we find that the same analysis used by the Supreme Court in *Lee* and *Mitchell* applies here. Therefore, Mburu can stipulate that he has a prior DUI conviction; the district court is required to accept the stipulation; and then the district court may give a jury instruction indicating that Mburu's status has already been proven by the parties' stipulation. See *Lee*, 266 Kan. at 815-16; *Mitchell*, 285 Kan. at 1079.

But was the court's refusal to give the instruction because it was "highly prejudicial" error? We believe it was.

*The stipulation to an element of the offense is not unduly prejudicial.*

As the court stated in *Lee*, "the State has the right and, in fact the duty, to establish the elements of the crime charged. The State also has an interest in presenting its case in its own way by telling the story as the State wishes." 266 Kan. at 815. Moreover, a defendant's stipulation precludes a defendant from asking the trial judge to suppress evidence because a defendant has agreed the evidence can be admitted and considered. *State v. Kelly*, 295 Kan. 587, 591, 285 P.3d 1026 (2012).

But what if, as the court found here, the stipulation is "highly prejudicial?" Does that make a difference and, contrary to *Kelly*, allow a defendant to stipulate to evidence but then allow that same evidence to be suppressed or withheld from the jury? To answer this question, we must examine the prejudicial nature of the stipulation.

12

"All evidence that is derogatory to the defendant is by its nature prejudicial to the defendant's claim of not guilty. Evidence that actually or probably brings about a wrong result under the circumstances of the case is 'unduly prejudicial.'" *State v. Clark*, 261 Kan. 460, 477, 931 P.2d 664 (1997). Only relevant evidence that is *unduly* prejudicial may be excluded from consideration by the jury.

There can be no dispute that if there had been no stipulation here, the State would be free to present evidence to the jury that the defendant had been convicted of two DUI offenses. Clearly advising the jury that the defendant has been convicted of DUI in the past is prejudicial, just as most evidence establishing the elements of a crime is prejudicial. But we cannot conceive of any reason why advising the jury that the defendant has admitted to one of the elements of the crime is "unduly" prejudicial. It is an element of the crime charged and the State is entitled to, and in fact has the burden to, set out the evidence supporting the elements of the crime. The defendant stands charged with the crime and all its attendant elements. The point behind *Lee* and *Mitchell* is that if the defendant stipulates to an element related to a prior crime the prosecution is required to accept the stipulation and cannot pile on additional evidence related to the prior crime or add additional prior crimes not needed to establish that element. In light of such a stipulation, the jury is not entitled to information concerning the nature and substance of the convictions. See *Lee*, 266 Kan. at 815. Accordingly, we conclude that a stipulation to evidence that could be legally admitted at trial absent the stipulation cannot be unduly prejudicial.

Here, Mburu was willing to stipulate that he had *two* prior DUI convictions. But it was the State that noted that only one prior conviction was necessary to prove the status element of the crime. The remaining conviction would only be used as an aggravating factor to consider when imposing his sentence under K.S.A. 2013 Supp. 8-1025. Accordingly, the proposed stipulation only noted one prior diversion, the minimal necessary to establish that element. It would have been significantly more prejudicial if

13

the stipulation had not been made and the State had introduced specific and perhaps more revealing evidence of Mburu's two prior DUIs, which it clearly would have been allowed to do to prove that element of the offense. See *United States v. Mason*, 85 F.3d 471, 473 (10th Cir. 1996) (finding judge did not err in providing an "antiseptic stipulation" to the jury in light of the prejudicial impact of the evidence that could have been submitted in the absence of the stipulation). It is arbitrary to deem one unduly prejudicial (the stipulation) but not the other (evidence and testimony to prove the status element in the absence of a stipulation). Moreover, if the court was concerned about the prejudicial impact of the stipulation, there is nothing to prevent the court from giving the jury a limiting instruction, while still allowing the State to present its entire case to the jury without bifurcation. See *Coleman*, 2013 WL 1859194, at *3-4 (failure to give limiting instruction regarding proof of a prior offense which is an element of the current offense, in absence of request, is not reversible error). But keeping the stipulation from the jury and modifying the elements instruction over the prosecution's objection was not an option.

In sum, we find that the district court's decision to exclude the stipulation regarding a prior DUI conviction from the jury instructions was an abuse of discretion. Consistent with our Supreme Court's rulings in *Lee* and *Mitchell*, we find that the court is required to submit the agreed-upon stipulation to an element of the crime to the jury for its consideration.

Reversed and remanded.

14