NOT DESIGNATED FOR PUBLICATION

No. 114,223

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MONICA MORALES,
*Appellant*.


MEMORANDUM OPINION

Appeal from Geary District Court; MARITZA SEGARRA, judge. Opinion filed July 29, 2016.
Vacated.


*Patrick H. Dunn*, of Kansas Appellate Defender Office, for appellant.


*Tony Cruz*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.


Before LEBEN, P.J., STANDRIDGE and ARNOLD-BURGER, JJ.


*Per Curiam*: Monica Morales was arrested and charged with possession of various drugs with the intent to distribute, criminal possession of a firearm, and failure to affix a drug tax stamp. She pled no contest to two of the possession charges and the remainder were dismissed. At sentencing, the district court enhanced Morales' sentence by 6 months because she was in possession of a firearm at the time she committed her crimes. Morales now appeals. Because we find that the district court engaged in fact-finding when it enhanced the penalty for Morales' crimes beyond the prescribed statutory maximum without submitting the fact to a jury or finding the existence of the fact beyond a reasonable doubt, the 6-month sentence enhancement must be vacated.

1

Morales was riding as the passenger in a van when the vehicle was stopped by police. During the search of the driver, who had an outstanding warrant, police discovered a bottle of pills prescribed to someone other than the driver, five clear plastic baggies, one of which contained marijuana residue, several lighters, and over $700 in cash. After the driver was secured in a police vehicle, officers removed Morales from the van and conducted a search of the vehicle's interior. Inside the van, police discovered a handgun, a digital scale, marijuana, methamphetamine, and a variety of prescription medications including oxymorphone and hydromorphone. All of the drugs were contained in clear plastic baggies.

After police completed their search, they questioned Morales about the drugs and weapon. She responded that she knew nothing about the gun, then refused to answer any additional questions regarding the ownership of the drugs. Morales was arrested and charged with possession of methamphetamine with intent to distribute, possession of drug paraphernalia, criminal possession of a firearm, possession of marijuana with intent to distribute, possession of hydromorphone with the intent to distribute, possession of oxymorphone with the intent to distribute, and two counts of no drug tax stamp. Each of the drug possession charges contained language at the end of the charge alerting Morales and the district court to the fact that, should she be found guilty of possession, the sentence should be augmented by 6 months "for possessing a firearm" during the commission of the crime. For example, Count VII in the amended complaint read:

> "[O]n or about April 2, 2014, in Geary County, Kansas, the defendant unlawfully, feloniously and intentionally possessed, or exerted control over, a stimulant [*to wit: Hydromorphone, a schedule II substance identified at K.S.A. 2012 Supp. 65-4107(b)(i)(K)*] with the intent to distribute. In violation of K.S.A. 2012 Supp. 21-5705(a)(1): POSSESSION OF HYDROMORPHONE WITH THE INTENT TO

DISTRIBUTE, a drug severity level 4, nonperson felony, plus six months for possessing a firearm."

Morales eventually pled guilty to Count VII and Count VIII of the complaint—possession of hydromorphone and possession of oxymorphone with the intent to distribute—in exchange for the State dropping the remaining charges. The district court accepted Morales' plea and sentenced her to the standard sentence in the appropriate grid box plus 6 months for being in possession of a firearm. Morales now appeals.

ANALYSIS

Morales argues that the district court erred when it enhanced her sentence for being in possession of a firearm at the time she was arrested for possession of drugs with the intent to distribute. Citing *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), she contends that before such an enhancement was constitutionally permissible, the factual question of whether she was in possession of a weapon should have been put before a jury and proven beyond a reasonable doubt. Whether a defendant's constitutional rights as described under *Apprendi* were violated by a district court at sentencing raises a question of law subject to unlimited review. *State v. Dickey*, 301 Kan. 1018, 1036, 350 P.3d 1054 (2015).

Morales' argument is premised on the United States Supreme Court's warning in *Apprendi*. In *Apprendi*, a criminal defendant argued that his Sixth and Fourteenth Amendment rights under the United States Constitution were violated when the trial court increased his sentence beyond the statutory maximum for the crimes he had committed based on a trial judge's finding that the crimes were committed with a biased purpose. In order to apply the enhanced sentence, the trial court had to engage in fact-finding to determine what the motive of the defendant was when he committed his crimes. Nevertheless, the New Jersey Supreme Court held that the determination of motive was a

3

sentencing factor rather than an element of any crime, so that judicial determination during the sentencing phase was proper. The Supreme Court reversed the New Jersey court, holding that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490.

The 6-month sentence enhancement assessed in this case is required upon the factual finding that an offender carried a firearm to commit a drug felony, or in furtherance of a drug felony, possessed a firearm. K.S.A. 2015 Supp. 21-6805(g)(1)(A). Application of this provision to Morales clearly increased the penalty for the crimes to which she pled. Because Morales did not admit to possessing or carrying a gun as part of her plea and because the court made no indication that it was finding beyond a reasonable doubt that a gun was used or possessed by Morales in furtherance of her drug felony, she contends that her constitutional rights as set out in *Apprendi* were violated.

The State argues that because the judge was the trier of fact in the case of a plea, the judge could find that there was sufficient evidence to warrant the 6-month sentence enhancement that was assessed pursuant K.S.A. 2015 Supp. 21-6805(g)(1)(A). The State rests its position on an unpublished opinion of this court, *State v. Rincon*, No. 112,183, 2015 WL 9455560 (Kan. App. 2015) (unpublished opinion), *petition for rev. filed* January 20, 2016. We find the State's reliance on *Rincon* to be misplaced.

In *Rincon*, the parties agreed to a trial before the court on stipulated facts. One of the stipulations was that "[t]he evidence is sufficient for this Court to find that the defendant carried or possessed a firearm in furtherance of a drug felony." 2015 WL 9455560, at *6. The district court found Rincon guilty based upon the stipulated facts but neglected to make any specific finding at the hearing that Rincon possessed a firearm in commission of the crimes. Apparently realizing its error, 5 days later the district court filed an order amending its findings to specifically find that Rincon possessed a firearm

4

in furtherance of committing his drug crimes. Rincon did not object to the amended order and he was subsequently sentenced with the 6-month sentence enhancement required by statute. For the first time on appeal, Rincon argued that amending the finding violated his rights under the Double Jeopardy Clause of the United States Constitution. This court found Rincon could not raise such a constitutional claim for the first time on appeal but then proceeded to rule on the merits in dicta. This court found that because the trier of fact was the judge in this case and the parties had stipulated that Rincon possessed a firearm in furtherance of a drug felony, Rincon provided no authority to support his claim that the judge was not allowed to make such finding. It rejected any claim that such a procedure was contrary to *Apprendi. Rincon*, 2015 WL 9455560, at \*15.

The State extrapolates from the discussion in *Rincon* that because the judge was allowed to make the finding based on stipulated facts and not violate *Apprendi*, a finding pursuant to a plea of no contest should be no different. But the State ignores one major difference between this case and *Rincon*, there was no stipulation by Morales that she possessed a firearm in furtherance of a drug felony.

A stipulation by a party unequivocally proves the fact to which the parties stipulated. See *State v. Mburu*, 51 Kan. App. 2d 266, 273, 346 P.3d 1086 (2015), *rev. denied* 302 Kan. \_\_\_ (June 29, 2015). Here, such a stipulation was not part of the plea agreement Morales entered with the State and there was no agreement as to sentence. Even though it was mentioned in the charging documents, it was certainly not an element of her crimes of conviction. Although she waived her right to a trial by jury in writing as a condition of the plea agreement, none of the documents she signed prior to her plea outlining her understanding of the potential sentence she faced even mentioned the 6-month sentence enhancement as a possibility.

Likewise, a 6-month sentence enhancement was not mentioned at all during her plea colloquy. Although the judge discussed her right to a jury trial as to each of the

5

charges and she indicated her desire to waive her right to a trial by jury on the charges, the record is silent regarding any discussion of a sentence enhancement. The court did ask for a factual basis of the plea, and the prosecutor stated that Morales was in the front passenger seat of a vehicle that was stopped and when the officer searched the vehicle he found drugs and "in a center floorboard area, between the two seats, he—he located a black backpack. In that backpack, he located a firearm, being a nine-millimeter handgun." Morales indicated she had no objection to the factual basis. The district court judge proceeded to find Morales guilty of possession of hydromorphone with the intent to distribute and possession of oxymorphone with the intent to distribute. Again, there was no discussion of a sentence enhancement.

Based on the severity level of the crimes to which she pled, both severity level 4 nonperson drug felonies and her criminal history score of E, she fell in a border box with a midrange sentence of 30 months. See K.S.A. 2015 Supp. 21-6805. The court found that probation was not appropriate because Morales was on bond when she committed the offenses and "the Court finds, based on the factual basis, and based on the affidavit that [this was] committed [with a firearm] or that she had a firearm at the time of this crime." That was the sole finding with regard to a sentence enhancement under K.S.A. 2015 Supp. 21-6805(g)(1)(A). Morales was sentenced to an enhanced sentence of 36 months. On the secondary offense, Morales was sentenced to the standard sentence in the border box to 21 months with no enhancement. The sentences were ordered to be served concurrently.

Because there is no indication that Morales was waiving her right to a jury to determine a sentence enhancement and there is no indication that she stipulated to the facts to support such a finding, we find a clear violation of the constitutional mandates expressed in *Apprendi*. Even if we assume there was a waiver of a jury right, the court did not make a finding that the facts supported the enhancement beyond a reasonable doubt and the only information before the court for consideration, the factual basis set out

6

by the prosecutor, certainly did not lead one to a conclusion beyond a reasonable doubt that she possessed the gun. The judge was advised only that Morales was in a car where a gun was secreted in a black backpack. Accordingly, we order the 6-month sentence enhancement vacated.

Vacated.