NOT DESIGNATED FOR PUBLICATION

No. 113,974

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ARTISS ROLLINS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Crawford District Court; A.J. WACHTER, JR., judge. Opinion filed August 26, 2016.
Affirmed.

*Kyle M. Fleming*, of The Fleming Law Office, of Pittsburg, for appellant.

*Michael Gayoso, Jr.*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., PIERRON and ATCHESON, JJ.

*Per Curiam*: After a jury in Crawford County District Court convicted Defendant Artiss Rollins of aggravated robbery and aggravated burglary, he cut a deal with the State in which he gave up his right to appeal in exchange for its recommendation that he receive a substantially reduced prison sentence. The district court obtained Rollins' waiver of his right to appeal at the sentencing hearing and followed the recommendation for a shorter sentence. Rollins later drafted and filed his own notice of appeal well after the statutory time to do so expired. He argued that he should be permitted to pursue a late appeal. The district court rejected Rollins' argument. We agree with the district court and affirm its ruling.

1

The circumstances of the crimes and the trial evidence resulting in the guilty verdicts have nothing to do with the issue on appeal. The operative facts regarding Rollins' waiver of his right to appeal are undisputed, and the clash presents a question of law. *State v. Bennett*, 51 Kan. App. 2d 356, 361, 347 P.3d 229 (2015) (when material facts undisputed, issue presents question of law), *rev. denied* 303 Kan. ___ (November 20, 2015); *Estate of Belden v. Brown County*, 46 Kan. App. 2d 247, 258-59, 261 P.3d 943 (2011) (legal effect of undisputed facts question of law). We, therefore, exercise unlimited review without any deference to the district court's ruling. *State v. Arnett*, 290 Kan. 41, 47, 223 P.3d 780 (2010); *Estate of Belden*, 46 Kan. App. 2d at 258-59.

At the sentencing hearing in April 2013, the prosecutor informed the district court the State would recommend a prison term of 168 months rather than the standard presumptive guidelines term of 216 months conditioned on Rollins' agreement not to appeal. The district court then explained the effect of the recommendation to Rollins and secured both his personal assent and that of his lawyer to the arrangement. The district court imposed a 168-month prison term on Rollins as part of his sentence.

In August 2013, Rollins filed his own notice of appeal. The district court appointed a lawyer to represent Rollins and held a hearing to determine if Rollins should be permitted to file a notice well past the statutory deadline. See K.S.A. 2015 Supp. 22-3608(c) (direct criminal appeal must be filed within 14 days after judgment). The Kansas Supreme Court has recognized that a defendant may file a late appeal in limited circumstances, commonly known as the *Ortiz* exceptions. See *State v. Shelly*, 303 Kan. 1027, 1036, 371 P.3d 820 (2016); *State v. Ortiz*, 230 Kan. 733, Syl. ¶ 3, 640 P.2d 1255 (1982). Those exceptions apply if:  (1) the district court fails to inform a defendant of his or her right to appeal and the time limit for doing so; (2) an indigent defendant is not appointed a lawyer to perfect an appeal; or (3) the lawyer appointed for an indigent defendant fails to perfect an appeal. *Shelly*, 303 Kan. at 1036.

2

Rollins relied on the third *Ortiz* exception. At the district court hearing, Rollins essentially testified that he timely asked the lawyer representing him during the trial and at sentencing to file an appeal. Rollins' testimony was not a model of clarity and rather discursively described communications with the lawyer. The lawyer testified that Rollins never asked him to initiate an appeal. The district court did not resolve that conflict in the evidence.

The district court determined the *Ortiz* exceptions were inapplicable because Rollins had knowingly and voluntarily waived his right to appeal at his sentencing. In turn, the district court denied Rollins' request to appeal out of time.

On appeal, Rollins does not dispute or in any way challenge the factual and legal efficacy of his waiver. Rather, he simply argues, as he did in the district court, that he ought to be allowed to invoke the third *Ortiz* exception. The argument is mistaken.

A criminal defendant may waive his or her right to appeal, so long as the waiver is "'knowing and voluntary.'" *State v. Patton*, 287 Kan. 200, 226, 195 P.3d 753 (2008) (quoting *State v. Campbell*, 273 Kan. 414, 424-25, 44 P.3d 349 [2002]); *Bennett*, 51 Kan. App. 2d at 364; see also *State v. Copes*, 290 Kan. 209, 216, 224 P.3d 571 (2010) (recognizing validity of criminal defendant's waiver of appeal). The notion is hardly surprising. The right to appeal is not a matter of constitutional guarantee but is purely statutory. *State v. Legero*, 278 Kan. 109, Syl. ¶ 2, 91 P.3d 1216 (2004); *State v. Mburu*, 51 Kan. App. 2d 266, 269, 346 P.3d 1086 (2015). A criminal defendant may, of course, waive fundamental constitutional rights. See *State v. Beaman*, 295 Kan. 853, 858, 286 P.3d 876 (2012) (right to jury trial); *State v. Jones*, 290 Kan. 373, 376, 228 P.3d 394 (2010) (right to counsel). So, he or she ought to be able to do likewise with a statutory protection. The law recognizes that eminently reasonable conclusion.

Ambiguities or generalities in a waiver, however, will be construed to preserve the right to appeal as to matters not expressly addressed. *Patton*, 287 Kan. at 227-28 (generic waiver of appeal in plea agreement did not apply to sentencing). But, as we have said, Rollins doesn't dispute the validity of his waiver. Accordingly, we have no reason to do so.

We, therefore, proceed to the crux of this appeal:  Having already waived his right to appeal, can Rollins then invoke one of the *Ortiz* exceptions to file a late notice of appeal? The answer rather plainly must be no. The *Ortiz* exceptions aim to restore a right that has been lost through no affirmative action or conduct of the criminal defendant. Here, at his sentencing, Rollins knowingly and voluntarily relinquished his right to appeal. That is the antithesis of what *Ortiz* and the body of law built upon it protect. In short, the exceptions presuppose the defendant actually retained a viable right to appeal when the statutory time to appeal expired. But with a valid waiver of appeal, there would be nothing for the exceptions to resuscitate. So ends Rollins' argument and this appeal.

We nonetheless pause to offer a couple of related observations. First, Rollins received genuine benefits in exchange for his waiver—the State's recommendation for a durational departure that would cut 4 years from his sentence and the district court's decision to follow that recommendation. A waiver need not entail a reciprocal benefit to be valid. But a material benefit reflects a circumstance favoring a knowing and voluntary relinquishment insofar as a party would not necessarily be inclined to give up a valuable right without at least some perceptible potential gain. Second, if Rollins were now permitted to rely on an *Ortiz* exception to pursue an appeal, he would retain the benefit of the reduced sentence while shedding the disadvantage he willingly assumed to receive that benefit—the waiver of his right to appeal. Such a result looks to be inequitable. The judicial process strives to avoid inequity whenever reasonably possible. See *Giles v. Adobe Royalty, Inc.*, 235 Kan. 758, 764-65, 684 P.2d 406 (1984); *Cuprite Mine Partners,*

4

*LLC v. Anderson*, 809 F.3d 548, 555 (9th Cir. 2015); *Peerless Indem. Ins. Co. v. Frost*, 723 F.3d 12, 23 (1st Cir. 2013).

The district court correctly denied relief to Rollins based on the third *Ortiz* exception.

Affirmed.