NOT DESIGNATED FOR PUBLICATION

No. 113,543

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

VANKHAM VONGNAVANH,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID L. DAHL, judge. Opinion filed December 23, 2016. Affirmed.

*Candice Alcaraz*, legal intern, and *Randall L. Hodgkinson*, of Kansas Appellate Defender Office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., BUSER and STANDRIDGE, JJ.

BUSER, J.: A jury convicted Vankham Vongnavanh of criminal possession of a weapon by a convicted felon. In this direct appeal, Vongnavanh claims the district court committed reversible error when, because Vongnavanh had stipulated to the truth of two elements of the crime, the court "improperly instructed the jury that it did not have to find every element of the charged offense beyond a reasonable doubt." Finding no reversible error, we affirm the conviction.

1

FACTUAL AND PROCEDURAL BACKGROUND

At trial, the jury heard testimony that neighbors of Vongnavanh called police after they heard gunshots coming from inside his house. A witness testified that Vongnavanh had a gun in his hand and that he fired two shots down an empty hallway. Police recovered a handgun at the scene. As a result of this incident, Vongnavanh was charged with criminal possession of a weapon by a convicted felon, in violation of K.S.A. 2015 Supp. 21-6304(a)(1).

Immediately before voir dire, and outside the presence of the jury array, the parties formally submitted to the trial court a written stipulation which was marked as State's Exhibit 1. The following colloquy then took place between the trial court, Vongnavanh, Trinity Muth (prosecutor), and Latina Wharton (defense counsel):

"THE COURT: [T]he first thing I just want to get on the record is a stipulation and it's proposed to be introduced as State's Exhibit 1. It says, 'Defendant admits that he, Vankham Vongnavanh, was convicted of a person felony in Sedgwick County, Kansas and defendant was found to be in possession of a firearm at the time of the prior crime.' Mr. Muth, acceptable?"

"MR. MUTH: Yes, Your Honor

"THE COURT: And, Ms. Wharton, acceptable?

"MS. WHARTON: Yes.

"MR. MUTH: The record should reflect that both Ms. Wharton and I have signed it and the defendant has signed it as well."

During the trial, both the State and defense counsel submitted proposed jury instructions to the district court. The day after receiving those submissions, the trial court presented the parties with the court's proposed jury instructions noting that they were "almost identical to what was submitted, and your instructions were mirror images of one another." Vongnavanh, however, did not file his proposed instructions with the district

2

court, and they are not included in the record on appeal. See Supreme Court Rules 3.01, 3.02 (2015 Kan. Ct. R. Annot. 20).

The record memorializes the colloqouy between the trial court, prosecutor, and defense counsel during the two jury instructions conferences. The instruction at issue—jury instruction No. 3—was unchanged throughout this process. The district court charged the jury as follows:

"Instruction No. 3. 'The defendant is charged with criminal possession of a firearm by a convicted felon. The defendant pleads not guilty. To establish this charge each of the following claims must be proved:

"1.  The defendant possessed a firearm.

"2.  *The defendant has been convicted of a person felony.*

"3.  *The defendant was found to be in possession of a firearm at the time of the prior crime.*

"4.  This act occurred on or about the 30th day of September, 2014, in Sedgwick County, Kansas.

"'Possession' means having joint or exclusive control over an item with knowledge of or intent to have such control or knowingly keeping some item in a place where the person has some measure of access and right of control.

"*Claim Number 2 and claim Number 3 above have been agreed to by the parties and are to be considered by you as true.* However, the State must still prove claim Number 1 and claim Number 4 beyond a reasonable doubt.'" (Emphasis added.)

In the first instructions conference held during the trial, defense counsel objected to the use of the word "defendant" instead of her client's name in jury instruction No. 3, but that objection was overruled. When the trial court asked if there were objections to the final paragraph of jury instruction No. 3, Vongnavanh's counsel stated: "I'd just note that the PIK 51.020 is just a little bit different, but I have no objection to the way it's worded . . . here."

In the second instructions conference held immediately before the jury instructions were read to the jury, Vongnavanh's counsel again did not object to the third part of jury instruction No. 3, but only to the use of the word "defendant," instead of Vongnavanh's name. The district court noted the objection, confirmed it was the only objection, and overruled it.

Immediately before reading the instructions to the jury, the trial judge stated:

"The first thing I'm going to read to you is the stipulation. You'll get that—you don't see it in your materials there, but you'll get it and it's going to be brought into your deliberation room. The stipulation is that the defendant admits that he, Vankham Vongnavanh, was convicted of a person felony in Sedgwick County, Kansas, and the defendant was found to be in possession of a firearm at the time of the prior crime."

Following deliberations, the jury convicted Vongnavanh of criminal possession of a weapon by a convicted felon. He was sentenced to 19 months' imprisonment.

DISCUSSION

On appeal, Vongnavanh contends the district court erred in instructing the jury to consider the agreed-upon stipulation to be true, without requiring the jury to make a finding that claim No. 2 and claim No. 3 were proven beyond a reasonable doubt. The State counters that Vongnavanh's contention was not preserved for appeal, the instruction was legally and factually proper, and, alternatively, if it was error, it was either invited error or harmless.

Vongnavanh candidly concedes that defense counsel did not object to jury instruction No. 3 in the district court on the basis that he now raises for the first time on appeal. Nevertheless, Vongnavanh argues that despite this failure to object, our court may

4

review "instructional issues for the first time on appeal (albeit possibly with a different reversibility test)."

Vongnavanh's argument has merit. His failure to object to jury instruction No. 3 in the district court does not prevent our court from conducting an appellate review. But his failure impacts the nature of our review: A party may not claim error because the trial court gave or failed to give a jury instruction unless (1) the party objects before the jury retires, stating distinctly the matter to which the party objects and the grounds for the objection; or (2) the instruction or the failure to give the instruction is clearly erroneous. K.S.A. 22-3414(3); *State v. Smyser*, 297 Kan. 199, 204, 299 P.3d 309 (2013). Because Vongnavanh did not object to the giving of jury instruction No. 3 during trial, the question presented is whether the giving of jury instruction No. 3 was clearly erroneous.

Appellate courts utilize a two-step process in determining whether a challenged instruction was clearly erroneous: (1) The court must determine whether there was any error at all by considering whether the subject instruction was legally and factually appropriate, employing an unlimited review of the entire record; (2) if the court finds error, it must assess "'whether it is firmly convinced that the jury would have reached a different verdict had the instruction error not occurred.'" 297 Kan. at 204. Reversibility is subject to unlimited review and is based on the entire record; the party claiming error in the instructions has the burden to prove the degree of prejudice necessary for reversal. *State v. Betancourt*, 299 Kan. 131, 135, 322 P.3d 353 (2014).

Preliminarily, we must address the State's assertion that we should not review the question presented because Vongnavanh invited the claimed instructional error. Generally, a defendant may not invite error and then complain of the error on appeal. *State v. Verser*, 299 Kan. 776, 784, 326 P.3d 1046 (2014). In other words, "'[w]here a party procures a court to proceed in a particular way and invites a particular ruling, [the

5

party] is precluded from assailing such proceeding and ruling on appellate review.'" *State v. Schreiner*, 46 Kan. App. 2d 778, 788, 264 P.3d 1033 (2011).

The State notes that during the first instructions conference the district court acknowledged receiving both parties' proposed instructions and remarked that the instructions "were mirror images of one another." According to the State: "Where defendant's instructions mirrored [the State's proposed instruction relating to the stipulation], and that language is compared to the instruction the district court gave, and which defendant now complains of, it is clear that defendant invited any error in the instant case." Vongnavanh counters that because his proposed jury instruction regarding the elements of the crime was not filed with the district court, and is not a part of the record on appeal, there is no basis for the State to argue that the defendant invited error with regard to jury instruction No. 3. We disagree with Vongnavanh's argument.

We are persuaded the record is sufficient to show that Vongnavanh invited any error in the submission of jury instruction No. 3 to the jury. First, the trial court noted that the sets of proposed instructions submitted by the State and Vongnavanh "were mirror images of one another." Moreover, after comparing the two sets of instructions with the trial court's proposed instructions, the trial court observed that its instructions were "almost identical to what was submitted."

Second, the absence of Vongnavanh's proposed instruction which ultimately was incorporated into jury instruction No. 3 does not hinder our analysis of invited error. During the two instructions conferences, Vongnavanh did not object—as he now does on appeal—that jury instruction No. 3 "improperly instructed the jury that it did not have to find every element of the charged offense beyond a reasonable doubt." On the contrary, during the first instructions conference, Vongnavanh specifically approved the language found in the last paragraph of jury instruction No. 3 by informing the trial court, "I have *no objection to the way it's worded . . . here.*" (Emphasis added.)

6

*State v. Peppers*, 294 Kan. 377, 276 P.3d 148 (2012), provides valuable precedent in resolving the question of whether Vongnavanh's affirmation of the wording of the last paragraph of jury instruction No. 13 constitutes invited error. During the instructions conference in *Peppers*, the trial court proposed an "*Allen*-type instruction" which our Supreme Court has found to be erroneous "because the language is misleading, inaccurate, and confusing." 294 Kan. at 393. The trial court advised the State and Peppers that it would not give the instruction if either side objected. Peppers' counsel responded that counsel had no objection to the giving of the erroneous instruction which was ultimately submitted to the jury. On appeal, however, Peppers argued that the instruction was clearly erroneous. In resolving this issue against Peppers, our Supreme Court stated:

> "But a defendant cannot challenge an instruction, even as clearly erroneous under K.S.A. 22-3414(3), when there has been on-the-record agreement to the wording of the instruction at trial. See, *e.g.*, *State v. Angelo*, 287 Kan. 262, 278-79, 197 P.3d 337 (2008). The defendant has invited the error and cannot complain. *State v. Adams*, 292 Kan. 151, 164, 254 P.3d 515 (2011) (citing *State v. Cramer*, 17 Kan. App. 2d 623, 632-33, 841 P.2d 1111 [1992]).
>
> ". . . This *on-the-record agreement to the wording of the instruction was invited error*, and we need not further analyze Peppers argument on this issue." (Emphasis added.) 294 Kan. at 393.

*Peppers* is dispositive of Vongnavanh's issue on appeal. Based on Vonganvanh's agreed-upon written stipulation which he personally signed, the trial court's comparison of the defendant's proposed jury instructions with the instructions proposed by the State, and the instructions ultimately provided to the jury, it is apparent that Vongnavanh was amenable to having the jury consider the two stipulated elements as proven. Most importantly, and in addition, Vongnavanh's counsel specifically considered and adopted the language of which the defendant now complains, for the first time on appeal, is clearly erroneous.

We hold that Vongnavanh may not claim jury instruction No. 3 is clearly erroneous because, assuming there was error, the defendant invited that error.

Finally, we note in passing, that even if Vongnavanh had not invited the trial court to instruct the jury as provided in Instruction 3, his claim of clearly erroneous error is without merit. See *State v. Mburu*, 51 Kan. App. 2d 266, 275, 346 P.3d 1086 (2015) (When a stipulation is submitted to the jury, "'[t]he defendant's stipulation of convicted felon status satisfies the prosecution's burden of proof for that element of the crime. [I]f the element of 'convicted felon' is established by stipulation, 'the judge may thereafter instruct the jury that it can consider the convicted felon status element of the crime as proven by agreement of the parties in the form of a stipulation.'").

Affirmed.